637 So.2d 1348 (1993)
Ex parte Larry VEAZEY.
(Re Roosevelt ROBERTS v. Larry VEAZEY).
1920586.
Supreme Court of Alabama.
September 24, 1993.
Michael M. Eley and Bart Harmon of Webb, Crumpton, McGregor, Davis & Alley, Montgomery, for petitioner.
Joel S. Rogers III of Rogers and Waid, Clanton, for respondent.
Lonette Lamb Berg and Lawrence T. King of Harris, Evans, Berg, Morris & Rogers, P.C., Birmingham, for amici curiae Alabama Self-Insured Worker's Compensation Fund, Supervalu, Inc., and Kent Corp.
John J. Coleman III and Marcel L. Debruge of Balch & Bingham, Birmingham, for amicus curiae Business Council of Alabama.
Charles F. Carr, Deborah Alley Smith, and Rhonda K. Pitts of Rives & Peterson, for amici curiae Alabama Self Insurers Ass'n, American Mining Ins. Co., Alabama Retail Ass'n Self Ins. Fund, Alabama Roofing, Sheet Metal, Heating, and Air Conditioning Contractors Ass'n, Alabama Home Builders Self-Insurers Fund, Alabama Hosp. Ass'n Workers' Compensation Self-Insured Fund, Alabama Oilmen's Ass'n/Alabama Ass'n of Convenience Stores Workers' Compensation Self Ins. Fund, Associated Gen. Contractors Self Insuranced Fund, Ass'n of County Commissions of Alabama Self Insurers Fund, Automobile Dealers Ass'n of Alabama Workers' Compensation Self Insurance Fund, Municipal Workers Compensation Fund, Inc., Alabama Nursing Home Ass'n Self Ins. Trust, Alabama Automotive Wholesalers Workers' Compensation Self-Insurers Fund, Children's Hosp. of Alabama, State Auto Group, O'Neal Steel, State Farm Fire & Cas., Fontaine Truck Equipment Co., Seaman Timber Co., Inc., Browning Ferris Industries of Alabama, Inc., Oliver Transp., Inc., Wal-Mart Stores, Inc., Penn Nat. Ins. Co., Webb Wheel Products, Inc., Professional Business Owners Ass'n, CNA Ins. Co., and Overnite Transp. Co.
*1349 KENNEDY, Justice.
The plaintiff, Roosevelt Roberts, appealed to the Court of Civil Appeals from a judgment awarding him workers' compensation benefits for a partial disability. Roberts argued that the trial court erred because, he said, he had been entitled to a judgment against his employer, the defendant, Larry Veazey, based on a finding of total disability. The Court of Civil Appeals agreed and reversed the judgment of the trial court, 637 So.2d 1345. Veazey petitioned this Court for a writ of certiorari, which was issued. The issue on our review is whether the Court of Civil Appeals afforded the trial court's judgment the proper deference.
In Ex parte Eastwood Foods, Inc., 575 So.2d 91, 93 (Ala.1991), we discussed the proper standard for appellate review of a workers' compensation case:
"Initially, the reviewing court will look to see if there is any legal evidence to support the trial court's findings. If such evidence is found, then the reviewing court determines whether any reasonable view of that evidence supports the trial court's judgment."
Consistent with this standard, a reviewing court is to determine not whether it would have found Robertsunquestionably the victim of tragic misfortuneto be totally disabled, but whether the lesser degree of disability found by the trial court is supported by legal evidence, "any reasonable view of [which] supports the ... judgment." (Emphasis added.) Where one reasonable view of the evidence supports the trial court's judgment, the judgment must be upheld, even if another, perhaps better reasoned, view of the evidence might have dictated a different outcome.
The record indicates that Roberts, approximately 36 years old, was working as a pulpwood logger when he suffered an on-the-job injury that resulted in the amputation of his left leg above the knee. He also suffered injuries to his neck, shoulder, and back, which continue to cause him pain. Roberts has a ninth-grade education, has no technical training, and has never been employed, except as a laborer. He has an I.Q. of 94 and has no driver's license. According to one expert at trial, Roberts, by virtue of his injuries, has lost access to approximately 84 percent of the jobs that he had previously had access to. It is undisputed that Roberts is no longer able to work in the types of jobs he previously held.
Roberts's vocational rehabilitation expert testified that Roberts has a vocational disability rating of 62 to 63 percent. Veazey's expert testified that Roberts's vocational disability rating was 55 percent. Roberts's physician, Dr. Kyung O. Yoon, testified that Roberts had a permanent physical impairment of 36 percent to the body as a whole. All three witnesses stated that there were jobs that Roberts could do, and both vocational rehabilitation experts stated that such jobs were in fact available to Roberts.
The trial court held that Roberts has a 65 percent disability, and ordered compensation for a period of 300 weeks. Certainly, as to the first prong of Eastwood Foods whether there was "any legal evidence to support the trial court's findings"we must conclude that there was evidence from which the trial court could find a 65 percent disability. As to the second prong of the Eastwood Foods standard"whether any reasonable view of that evidence supports the trial court's judgment" (i.e., only where no reasonable view of the evidence would support the trial court's judgment should the judgment be disturbed)one could reasonably view the testimony of the two vocational rehabilitation experts and Robert's physician as supporting the trial court's judgment.
Based on the foregoing, the judgment of the Court of Civil Appeals is reversed, and the cause is remanded.
REVERSED AND REMANDED.
MADDOX, ALMON, SHORES and HOUSTON, JJ., concur.
INGRAM, J., dissents.
INGRAM, Justice (dissenting).
The majority concludes that the Court of Civil Appeals erred in applying the workers' compensation standard in the present case. After reviewing the record, I believe that the *1350 Court of Civil Appeals correctly held that Roberts had suffered a total disability. This Court should follow its ruling in Ex parte Eastwood Foods, Inc., 575 So.2d 91 (Ala. 1991), where it affirmed the judgment of the Court of Civil Appeals in a case like this one. However, the facts of Roberts's situation are much more disturbing than the facts in Eastwood. Roberts's leg amputation will restrict him from walking for longer than 20 minutes, running, carrying more than 20 pounds, and climbing. Clearly, these are the requirements of working in pulpwood and manual labor, the only occupation he has known. Total disability does not mean entire physical disability; instead, it is the inability to perform one's trade or to obtain reasonably gainful employment. Wright v. Goodyear Tire & Rubber Co., 591 So.2d 518 (Ala.Civ. App.1991).
Because no reasonable view of the facts in this case can support any conclusion other than that Roberts is totally disabled, I respectfully dissent.