The plaintiff, Roosevelt Roberts, appealed to the Court of Civil Appeals from a judgment awarding him workers' compensation benefits for a partial disability. Roberts argued that the trial court erred because, he said, he had been entitled to a judgment against his employer, the defendant, Larry Veazey, based on a finding of total disability. The Court of Civil Appeals agreed and reversed the judgment of the trial court, 637 So.2d 1345. Veazey petitioned this Court for a writ of certiorari, which was issued. The issue on our review is whether the Court of Civil Appeals afforded the trial court's judgment the proper deference.
In Ex parte Eastwood Foods, Inc., 575 So.2d 91, 93 (Ala. 1991), we discussed the proper standard for appellate review of a workers' compensation case:
 "Initially, the reviewing court will look to see if there is any legal evidence to support the trial court's findings. If such evidence is found, then the reviewing court determines whether any reasonable view of that evidence supports the trial court's judgment."
Consistent with this standard, a reviewing court is to determine not whether it would have found Roberts — unquestionably the victim of tragic misfortune — to be totally disabled, but whether the lesser degree of disability found by the trial court is supported by legal evidence, "any reasonable view of [which] supports the . . . judgment." (Emphasis added.) Where one reasonable view of the evidence supports the trial court's judgment, the judgment must be upheld, even if another, perhaps better reasoned, view of the evidence might have dictated a different outcome.
The record indicates that Roberts, approximately 36 years old, was working as a pulp-wood logger when he suffered an on-the-job injury that resulted in the amputation of his left leg above the knee. He also suffered injuries to his neck, shoulder, and back, which continue to cause him pain. Roberts has a ninth-grade education, has no technical training, and has never been employed, except as a laborer. He has an I.Q. of 94 and has no driver's license. According to one expert at trial, Roberts, by virtue of his injuries, has lost access to approximately 84 percent of the jobs that he had previously had access to. It is undisputed that Roberts is no longer able to work in the types of jobs he previously held.
Roberts's vocational rehabilitation expert testified that Roberts has a vocational disability rating of 62 to 63 percent. Veazey's expert testified that Roberts's vocational disability rating was 55 percent. Roberts's physician, Dr. Kyung O. Yoon, testified that Roberts had a permanent physical impairment of 36 percent to the body as a whole. All three witnesses stated that there were jobs that Roberts could do, and both vocational rehabilitation experts stated that such jobs were in fact available to Roberts.
The trial court held that Roberts has a 65 percent disability, and ordered compensation for a period of 300 weeks. Certainly, as to the first prong of Eastwood Foods — whether there was "any legal evidence to support the trial court's findings" — we must conclude that there was evidence from which the trial court could find a 65 percent disability. As to the second prong of the Eastwood Foods standard — "whether any reasonable view of that evidence supports the trial court's judgment" (i.e., only where no reasonable view of the evidence would support the trial court's judgment should the judgment be disturbed) — one could reasonably view the testimony of the two vocational rehabilitation experts and Robert's physician as supporting the trial court's judgment.
Based on the foregoing, the judgment of the Court of Civil Appeals is reversed, and the cause is remanded.
REVERSED AND REMANDED.
MADDOX, ALMON, SHORES and HOUSTON, JJ., concur.
INGRAM, J., dissents.