*1351 AFTER REMAND FROM THE SUPREME COURT
ROBERTSON, Presiding Judge.
The prior judgment of this court has been reversed by the Supreme Court of Alabama, and the cause remanded for further proceedings. Ex parte Veazey, 637 So.2d 1348 (Ala.1993). This ease is now before this court on remand.
The facts in this case are more fully set forth in our original opinion, Roberts v. Veaz-ey, 637 So.2d 1345 (Ala.Civ.App.1992). In that opinion we found the dispositive issue to be whether the trial court erred in failing to find that Roberts was permanently and totally disabled. In reversing the judgment of this court, our supreme court held that “[w]here one reasonable view of the evidence supports the trial court’s judgment, the judgment must be upheld, even if another, perhaps better reasoned, view of the evidence might have dictated a different outcome.” (emphasis added) Ex parte Veazey, 637 So.2d at 1349.
On remand, we address three additional issues raised by Roberts in his original appeal to this court: (1) Whether the trial court failed to provide a sufficient statement of the law and the facts and conclusions as determined by the judge; (2) Whether the trial court erred by ordering a remittitur; and (3) Whether the trial court erred to reversal by awarding benefits based upon a calculation of his vocational disability rather than benefits for the amputation of his leg as set out in § 25-5-57(a)(3)a., Ala.Code 1975.
“Section 25-5-88 [Ala.Code 1975] requires that a judgment entered by the trial court in a workmen’s compensation case contain a statement of law, facts, and conclusions, as determined by the trial court.” Tackett v. Elastic Corporation of America, 557 So.2d 1281,1284 (Ala.Civ.App.1990). After reviewing the judgment in this case, we find that the trial court substantially complied with the requirements of § 25-5-88, Ala.Code 1975.
The trial court found that Roberts had been overpaid permanent partial disability benefits for 80 weeks in the amount of $4,578.40 and ordered that the employer could deduct $22.89 per week for the remaining weeks as repayment. We find no error here.
We now consider whether the trial court erred in failing to award benefits to Roberts for the loss of his leg based upon the scheduled compensation for that disability provided in § 25-5-57(a)(3)a. Based on the authority of our supreme court’s holding in this case and on the authority of Bell v. Driskill, 282 Ala. 640, 213 So.2d 806 (1968), we affirm as to this issue.
After remand and in accordance with the supreme court’s opinion, the judgment of the trial court is hereby affirmed.
AFFIRMED.
THIGPEN and YATES, JJ., concur.