YATES, Judge.
Steve Perkins sued for workmen’s compensation benefits from Charles Blackmon Drywall (Blackmon) based on a neck injury that *900 occurred on January 4, 1991.[1] Perkins alleged that he suffered permanent, total disability resulting from the neck injury, which he says he incurred while working for Black-mon. Blackmon contends that the injuries that support a finding that Perkins is permanently and totally disabled resulted from Perkins’s abuse of alcohol, rather than from his employment. After hearing ore tenus evidence, the trial court concluded that Perkins had suffered permanent, total disability and had a 100 percent loss of earning capacity as a result of the January 1991 neck injury, and awarded Perkins workmen’s compensation benefits of $369 a week for life. Blackmon appeals.
On January 4, 1991, while working as a sheetroek hanger, Perkins, then 33 years old, felt a “pop or tear” in his neck. Dr. Robert Hash, a neurosurgeon, diagnosed an extruded disc at the C-5 and right C-6 level, and on January 14, 1991, he performed a cervical discectomy and fusion of the neck at the C5-6 level. On April 8, 1991, Dr. Hash placed Perkins at maximum medical improvement and released him to return to work with a 12 percent impairment rating. In April 1991, after attempting to return to work, Perkins began to experience pain in his left arm and hand. Dr. Frank Haws, a partner of Dr. Hash, diagnosed additional medical problems at C-6 and C-7. Those problems were not surgically corrected. In July 1991, Dr. Hash recommended rehabilitation evaluation for a change of employment. In September 1991, Perkins entered a two-week vocational evaluation program at Huntsville Rehabilitation Center, where Pat Maloney recommended Perkins for vocational training and a medical management program for chronic pain. Perkins testified that he told his treating physician, employees at Huntsville Rehabilitation, and his workmen’s compensation carrier that he was in tremendous pain and had begun using alcohol to relieve his pain.
In November 1991, Perkins saw Dr. Ira Denton, a neurosurgeon, for a second opinion. Dr. Denton hospitalized Perkins immediately and consulted Dr. Steve Taylor, a general and vascular surgeon, who treated Perkins for acute pancreatitis. Dr. Taylor testified that the acute pancreatitis attack was a result of a recent episode of drinking alcohol.
The issue is whether the trial court erred in determining that Perkins suffered permanent, total disability as a result of the neck injury.
Blackmon argues that Perkins’s alcoholic pancreatitis rendered him permanently and totally disabled and that that condition was not a direct and natural result of his original, compensable neck injury, but resulted from his abuse of alcohol.
The standard of appellate review in workmen’s compensation cases is a two-step process. This court must first look to see if there is any legal evidence to support the trial court’s finding. If such evidence is found, we must then determine whether a reasonable view of that evidence supports the trial court’s judgment. Ex parte Eastwood Foods, Inc., 575 So.2d 91 (Ala.1991). The Alabama Supreme Court has recently held: “Where one reasonable view of the evidence supports the trial court’s judgment, the judgment must be upheld, even if another, perhaps better reasoned, view of the evidence might have dictated a different outcome.” Ex parte Veazey, 637 So.2d 1348 (Ala.1993).
Patsy Bramlett, a certified rehabilitation counselor, testified that, after reviewing Perkins’s medical records and conducting a vocational assessment, she found that he had suffered chronic pain. Bramlett further testified that, in her opinion, Perkins’s cervical problems were disabling to him. She also stated that chronic pain that began at the time of the neck injury was Perkins’s main problem and that the pain was disabling in and of itself. Given our standard of review, we conclude that Bramlett’s testimony supports a finding of permanent, total disability based only on the neck injury, regardless of any subsequent medical problems.
Our review of the record discloses evidence supporting the trial court’s finding of perma *901 nent total disability and its award of compensation. Accordingly, the judgment of the trial court is affirmed.
AFFIRMED.
ROBERTSON, P.J., and THIGPEN, J., concur.

. We note that because of the date of the injury, the Workmen's Compensation Act, as it read before the amendments of May 19, 1992, is controlling. References will be to the pre-May 19, 1992, version of that act.