RICHARD L. HOLMES, Retired Appellate Judge.
This is a workmen’s compensation case.
Frank Ledlow, Jr. (employee), filed a complaint and petition for compensation, wherein he alleged that he was injured in the line and scope of his employment with Southern Haulers, Inc. (employer), and that he was entitled to receive benefits under the workmen’s compensation laws of Alabama. The employer filed an answer.
After a hearing the trial court issued a final judgment based upon the pleadings, stipulations of the parties, ore tenus testimony, medical reports, depositions, and other exhibits received by the court. The trial court determined that the employee had received all of the temporary total disability benefits which he was entitled to receive as a result of his injury, that all medical expenses reasonably and necessarily incurred in the care and treatment of the employee’s injuries had been paid in full, and that the employee failed to sustain his burden of proving that his on-the-job injury caused him any permanent disability or any loss of earning capacity which would entitle him to further compensation.
*1037 The employee filed a post-judgment motion, which was denied.
The employee appeals.
The sole issue raised by the employee is whether the trial court committed reversible error when it found that the employee had not sustained a permanent disability as a result of his on-the-job injury.
The injury in the present case occurred in June 1989. Therefore, the standard of appellate review discussed in Ex parte Eastwood Foods, Inc., 575 So.2d 91 (Ala.1991), is the standard of review that applies in the present case. Ex parte Eastwood Foods, Inc., 575 So.2d at 93, provides:
“Initially, the reviewing court will look to see if there is any legal evidence to support the trial court’s findings. If such evidence is found, then the reviewing court determines whether any reasonable view of that evidence supports the trial court’s judgment.”
Our review of the record reveals the following: The employee was a truck driver for the employer. On June 15,1989, the employee fell approximately ten feet from the top of the truck trader and landed on his left side. The employee testified that he began experiencing pain and numbness in his neck and back approximately three to four weeks later. The employee first saw a doctor in September 1989 when he began passing-blood in his urine.
The employee received medical care and treatment for his injuries, and the employer paid all medical expenses reasonably and necessarily incurred for the treatment of the employee’s injuries. The employee was paid temporary total disability benefits until March 11, 1990, and the employee received temporary total disability benefits for a period of 21 weeks and 3 days.
The employee has been treated by numerous doctors and has undergone physical therapy and numerous diagnostic tests. At the hearing, Dr. Thomas Weber, a chiropractic physician who treated the employee from February 20, 1990, through March 17, 1990, testified on behalf of the employee. Dr. Weber stated that he diagnosed the employee as suffering from neck pain and low back pain with muscle spasms and resulting pain in the left arm and left leg. Dr. Weber testified that he released the employee to return to work in mid-March 1990 and that he has not seen the employee since he returned to work in March 1990.
The employee testified that upon his return to work, he had a “seizure” while driving his truck. He stated that he pulled to the side of the road and passed out. The employee has not returned to work since that time. The employee’s wife admitted during her testimony that no doctor has placed any physical restrictions or limitations on her husband since he was released to return to work in March 1990.
The deposition of Dr. Walden Retan, a medical doctor specializing in internal medicine, was introduced into evidence by the employee. Dr. Retan testified that he first saw the employee in July 1990 and that he had seen the employee a total of thirteen visits. Dr. Retan stated that his diagnosis was that the employee had suffered a contusion to the cervical spine, which resulted in persistent pain, and that the employee is totally disabled because of the pain.
Dr. Retan testified that the employee has a permanent spinal cord injury. However, we would also note that Dr. Retan admitted that the employee’s reflexes showed no difference between the right side and the left side and that diagnostic tests conducted on the employee did not indicate the existence of any definite neurologic abnormality. We would also note that Dr. Retan testified that the employee’s persistent pain is currently handled by prescription medication and that the reason for the repeated visits is to monitor the employee’s high blood pressure.
The deposition of Dr. Zenko Hrynkiw, a neurosurgeon, was introduced into evidence by the employer. Dr. Hrynkiw testified that he first examined the employee in January 1990, at the request of the employer. Dr. Hrynkiw referred the employee for cervical and lumbar myelograms and CAT scans with contrast. When the results of these diagnostic tests were normal, Dr. Hrynkiw released the employee to return to work on February 26, 1990, with a follow-up visit in four to six weeks. However, the employee did not re *1038 turn to see Dr. Hrynkiw until October 22, 1991. Further diagnostic tests conducted at that time were normal. Dr. Hrynkiw testified that he would not assign any impairment rating to the employee.
Lee Waldrop, a vocational rehabilitation specialist, testified on behalf of the employer. Waldrop stated that it was his opinion that the employee had no vocational disability or impairment because none of his doctors had placed any physical limitations or restrictions upon him.
Following the hearing the trial court appointed Dr. Nasrollah Eslami, a board certified neurologist, to review the medical records, to examine the employee, and to report his finding to the court. The deposition of Dr. Eslami was introduced into evidence by both parties.
Dr. Eslami testified that it was his opinion that the employee had a pinched nerve in his low back, which has resulted in some weakness to his left foot, and that the employee should be able to return to work as a truck driver. Dr. Eslami stated that the employee was definitely exaggerating his symptoms.
In light of the above, we find that there was legal evidence to support the trial court’s findings and that a reasonable view of that evidence supports the judgment of the trial court.
While there was some evidence to support a contrary conclusion, we cannot reverse the determination of the trial court because a reasonable view of the evidence supports the judgment of the trial court. Ex parte Veazey, 637 So.2d 1348 (Ala.1993).
Consequently, the judgment of the trial court is due to be affirmed.
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status as a judge of this court under the provisions of § 12 — 18—10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.