I would affirm the trial court's judgment, therefore, I must respectfully dissent.
Our standard of review in workmen's compensation cases is very limited. First, we must determine whether there wasany evidence to support the trial court's findings. Ex parteEastwood Foods, Inc., 575 So.2d 91 (Ala. 1991) (emphasis added). Clearly, in this case there was evidence to support the trial court's finding that Hall was entitled to recover workmen's compensation. At least five witnesses testified that they saw or spoke to Hall either before or immediately after the accident. None of them found any indication that Hall had consumed alcohol.
Next, we must determine whether any reasonable view of that evidence supports the trial court's judgment. Eastwood, supra
(emphasis added). "Where one reasonable view of the evidence supports the trial court's judgment, the judgment must be upheld, even if another, perhaps better reasoned, view of the evidence might have dictated a different outcome." Ex parteVeazey, 637 So.2d 1348, 1349 (Ala. 1993). In the case at *Page 116 
bar, there was conflicting evidence as to whether Hall had consumed alcohol before the accident, and as to whether the consumption of alcohol caused the accident. Clearly, one reasonable view of the evidence in this case would be that intoxication did not cause the accident. For Hall to have had a blood alcohol level as high as the medical reports indicated, he would have to have been intoxicated enough for witnesses to notice. Two witnesses to the accident, Don Jackson and Lee Jackson, both came within several feet of Hall immediately after the accident and did not smell alcohol. Additionally, the investigating officer, Eddie Wilder, found no evidence that Hall was intoxicated. Although medical reports of blood alcohol levels are admissible evidence of intoxication, they are not infallible proof. Medical reports have, on occasion, been known to be wrong. Therefore, given the substantial eyewitness testimony, one reasonable view of the evidence would be that Hall was not intoxicated and/or that intoxication did not cause the accident.
It is not the appellate court's role to act as the trier of fact; that is the function of the trial court. In its order, the trial court specifically addressed the issue of Hall's alleged intoxication, finding:
 "The defendant, in it's answer filed in this cause and at the trial of this case, asserted the affirmative defenses set forth in § 25-5-51, Code of Alabama as amended (1975), including intoxication and willful violation of a company policy and/or regulation of the employer. However, the Court specifically finds that the defendant failed to meet its burden of proof with respect to this affirmative defense and that it failed to reasonably satisfy the Court that intoxication and/or willful violation of a company rule or regulation of the employer proximately caused the accident and injury made the basis of this workmen's compensation action [see Lankford v. Redwing Carriers, Inc., 344 So.2d 515
(Ala.Civ.App. 1977)]."
Clearly the trial court considered all the evidence and found that it was insufficient to deny workmen's compensation to Hall, especially given the rule that workmen's compensation laws are to be liberally construed in favor of the injured employee. Therefore, I would affirm the trial court.