I would affirm the judgment of the trial court; therefore, I respectfully dissent.
The trial court's judgment reads in pertinent part:
 "2. Plaintiff has failed to prove that she was exposed by her employment to the risk causing her asthma in a measurably greater degree and in a substantially different manner than are persons in the same employment generally.
 "3. Other than being 'probably allergic to something at work that was making her wheeze,' . . . Plaintiff failed to prove that her asthma was caused by a hazard recognized as peculiar to her occupation as a direct result of an exposure, over a period of time, to the normal working conditions of the occupation."
I read the judgment to mean that the trial court found no link between the plaintiff's asthma and her employment at Russell, i.e., that her employment at Russell was not a factor contributing to either the cause or the severity of her asthma.
Clark is seeking to recover workmen's compensation benefits for an asthma attack that occurred in February 1991; therefore, this case is controlled by the Workmen's Compensation Act as it read before the May 19, 1992, amendments. In Ex parte EastwoodFoods, Inc., 575 So.2d 91, 93 (Ala. 1991), the Alabama Supreme Court set out the proper standard of appellate review for cases brought under the Workmen's Compensation Act, § 25-5-1 et seq., Code of Alabama 1975:
 "Initially, the reviewing court will look to see if there is any legal evidence to support the trial court's findings. If such evidence is found, then the reviewing court determines whether any reasonable view of that evidence supports the trial court's judgment."
"Where one reasonable view of the evidence supports the trial court's judgment, the judgment must be upheld, even if another, perhaps better reasoned, view of the evidence might have dictated a different outcome." Ex parte Veazey, 637 So.2d 1348,1349 (Ala. 1993).
The record shows that Clark had been suffering from asthma for 22 years and that she had been working at Russell for at least 12 years before experiencing asthma problems severe enough to require hospitalization. The doctor who examined Clark testified that he could not "to a reasonable degree of medical certainty" determine whether the lint, dust, and chemical odors aggravated Clark's asthma.
From this evidence, the trial court's view that there is no link between Clark's asthma and her employment at Russell Corporation is reasonable, and the judgment should be upheld. I would affirm the judgment of the trial court.
ROBERTSON, P.J., concurs.