THIGPEN, Judge.
This is a workmen’s compensation case.[1]
Amy W. Roper filed a complaint in June 1992, alleging that she had been permanently disabled as a result of an injury she suffered in June 1991, while acting in the line and scope of her employment with Golden Poultry Company, Inc. (Golden). Golden answered, denying Roper’s allegations. Following ore tenus proceedings, the trial court found that Roper had sustained a 60% loss of ability to earn. Golden filed a post-judgment motion, contending that the order failed to contain the statutory requirements regarding statements of law, facts, and conclusions, and that the judgment was contrary to the evidence. Golden subsequently filed a brief in support of its post-judgment motion, which included, among other things, a report and excerpts of a deposition of an occupational therapist. Roper filed a motion to strike certain evidence, contending that Golden had attempted to present in its brief certain deposition evidence that had not been introduced at trial, and that it was attempting to present only a selected portion of the deposition testimony. The trial court granted Roper’s motion and denied Golden’s post-judgment motion regarding the extent of the disability, but amended its judgment to add certain findings of fact and conclusions of law. Golden appeals.
Golden presents four issues: (1) whether the trial court erred by making no findings of fact or conclusions of law regarding whether a second injury had occurred and, if a second injury had occurred, whether that second injury was a new injury or was an aggravation or reoccurrence of a prior injury, (2) whether any reasonable view of the evidence supports the trial court’s finding that Roper had suffered a 60% loss of ability to earn, (3) whether the trial court erred by failing to consider certain evidence, and (4) whether the trial court erred in calculating Roper’s average weekly wage.
Initially, we note that our review in a workmen’s compensation case is a two-step process, i.e., we must first determine whether there is any legal evidence to support the trial court’s findings, and, if so, whether any reasonable view of that evidence supports the trial court’s judgment. Ex parte Eastwood Foods, Inc., 575 So.2d 91 (Ala.1991). Further, “[wjhere one reasonable view of the evidence supports the trial court’s judgment, the judgment must be upheld, even if another, perhaps better reasoned, view of the evidence might have dictated a different outcome.” Ex parte Veazey, 637 So.2d 1348, 1349 (Ala.1993).
In its original judgment, the trial court stated that it “hereby finds that as a result of bi-lateral hand pain, or tendinitis in both hands and wrists suffered while employed by the defendant, [Roper] has suffered a sixty percent (60%) loss of ability to earn.” (Emphasis added.) Further, in its amended judgment, the trial court found, in relevant part:
“1. The parties have stipulated that the only issue for the Court is the nature and extent of Plaintiffs disability, if any.
*1313 [[Image here]]
“3. [Roper] reached maximum medical improvement on or about October 7, 1993.
“4. [Roper] has suffered a sixty percent (60%) loss of ability to earn a living as a direct consequence of her on-the-job injury at [Golden’s] Plant, which injury occurred on or about June 24, 1991.
“5. That [Roper] is entitled to accrued benefits from October 7, 1993 through June 12, 1994, or 35 weeks for a sum of $6,284.25.
“6. [Roper] is entitled to weekly benefits of $179.55 for the balance of 265 weeks.”
(Emphasis added.)
A workmen’s compensation judgment “shall contain a statement of the law and facts and conclusions as determined by [the] judge.” Ala.Code 1975, § 25-5-88. While substantial compliance with this requirement is sufficient, it is the duty of the trial court to make a finding on each issue. Thomas v. Gold Kist, Inc., 628 So.2d 864 (Ala.Civ.App. 1993). The judgment and the amended judgment in this ease substantially comply with the statutory requirements, and Golden has failed to disclose error in this regard.
Golden next contends that the trial court erred in finding that Roper suffered a 60% loss of ability to earn. Roper testified that when she was working, she began having problems at work with her “hands going numb and going to sleep.” She was sent to the company nurse, and ultimately, after requesting to see a doctor, she was sent to a doctor, who gave her an anti-inflammatory shot and put her arm in a brace. According to Roper, after about one week, she returned to work without the brace, because she could not perform her job with the brace, and, she said, she continued to experience the same problems. She testified that she then consulted Lloyd C. Dyas, M.D., an orthopedic surgeon, who placed her on light duty for approximately one week before returning her to regular work. She testified that Dr. Dyas did not want her performing repetitive work because her problem “just kept flaring up,” and that, although she was moved to another position, she continued to have problems. Roper testified that she attempted to find other work, but that she has continued to experience pain from her wrist to her elbows and that she has problems performing routine household chores.
Dr. Dyas testified that in July 1991 he diagnosed Roper’s condition as extensor tendinitis, which was related to the type of work she performed at Golden. He referred to her condition in June 1993 as a “recurrence of her tendinitis of left elbow,” and he stated the existence of some relationship between the June 1993 complaints and Roper’s earlier employment with Golden.
Golden referred Roper to David Khoo, M.D., an orthopedic specialist, who testified that Roper had a normal physical examination, except for a limitation of her range of motion that was caused by a childhood injury, and that he could not find anything to suggest that she had carpal tunnel syndrome. Dr. Khoo testified that, in his opinion, a person suffering from an inflammatory disease who worked in a job with repetitive activity would be more prone to developing tendinitis as a result of the job activity.
Michael Staff, a vocational rehabilitation consultant, initially determined that Roper had an 81% vocational disability rating. He testified that he relied on the medical records of Drs. Dyas and Khoo, as well as the information he obtained from Roper and a functional capacity evaluation, in forming his opinion regarding Roper’s vocational disability. During cross-examination, Staff testified that Roper’s vocational disability was between 59% and 81%.
The trial court, which has the duty of determining the extent of the disability, is not bound by expert testimony, but must consider all the evidence before it, including its own observations, and interpret it to its own best judgment. Genpak Corp. v. Gibson, 534 So.2d 312 (Ala.Civ.App.1988). Furthermore, it is the duty of the trial court, not this court, to weigh the evidence, and its findings regarding conflicting testimony are conclusive if there is any evidence to support its conclusions. City of Montgomery v. Kittler, 621 So.2d 295 (Ala.Civ.App.1993). After carefully reviewing the record, we conclude that at least one reasonable view of the evidence supports the judgment of the trial court. Veazey, 637 So.2d 1348.
*1314 Golden also contends that the trial court erred by failing to consider all the evidence presented, specifically certain portions of a deposition and a report. Roper persuasively asserts that there was other sufficient evidence in the record to support the finding of the trial court. After examining the entire record, we conclude that if the trial court failed to consider that evidence, its failure to do so did not injuriously affect the “substantial rights” of Golden. Rule 45, A.R.App.P.
Golden’s final argument is that the trial court erred in calculating Roper’s average weekly wage. The trial court calculated Roper’s average weekly wage to be $269.81; however, the parties agree that the correct amount of the average weekly wage is $206.04. Accordingly, that portion of the judgment setting the amount of compensation must be reversed and the cause remanded for a recalculation based on the correct average weekly wage. Otherwise, as to all other issues presented to this court for review on appeal, we conclude that a reasonable view of the evidence supports the judgment. Eastwood, 575 So.2d 91, and Veazey, 637 So.2d 1348.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and YATES, MONROE, and CRAWLEY, JJ., concur.

. The review of this case is governed by Ala.Code 1975, § 25-5-1 et seq., the Workmen’s Compensation Act, which was in effect before the amendments of May 19, 1992.