This appeal by Champion International Corporation (the "company") is from a trial court's judgment awarding Russell K. Williams (the "worker") permanent total disability benefits.
The worker began working for the company in 1983. In 1988 the worker injured his back while he was working on the job, when he was knocked down a stairwell. In 1988 and 1990 the worker required back surgery as a result of this injury. The worker settled his 1988 workmen's compensation injury, based upon a 40% permanent partial disability. After the settlement, the worker returned to full-time work with the company and continued until he suffered another back injury on December 11, 1991,[1] while lifting a piece of equipment that caused him to twist his body. He was hospitalized, and the injury required surgery to his back in February 1992.
After an ore tenus hearing, the trial court awarded permanent total disability benefits to the worker. Our review in a workmen's compensation case is a two-step process. Ex parteEastwood Foods, Inc., 575 So.2d 91 (Ala. 1991). First, we must "look to see if there is any legal evidence to support the trial court's findings." Eastwood Foods, 575 So.2d at 93. Second, if such evidence is found, then we must determine "whether any reasonable view of that evidence supports the trial court's judgment." Id. Further, "[w]here one reasonable view of the evidence supports the trial court's judgment, the judgment must be upheld, even if another, perhaps better reasoned, view of the evidence might have dictated a different outcome." *Page 1206 Ex parte Veazey, 637 So.2d 1348, 1349 (Ala. 1993). This standard of review does not apply to the trial court's conclusion of law. Ex parte Cash, 624 So.2d 576 (Ala. 1993).
The issues presented are (1) whether the worker suffered an accident pursuant to the Act in December 1991, (2) whether the company received notice of the accident, and (3) whether the award of permanent total disability must be reduced by the amount of the previous award in 1988 of permanent partial disability.
 Proof of Accident
According to the worker's neurosurgeon, Dr. England, the repetitive twisting, lifting, and bending required by the worker's employment prior to and up to December 11, 1991, was a contributing cause of the worker's disc herniation. The worker's family practice physician, Dr. Allen, testified that the worker's condition had deteriorated during December and stated that the accident the worker testified to as occurring on December 11, 1991, could have caused the herniated disc. The worker's wife testified that her husband called her to pick him up early on December 11, 1991, because of a back injury he suffered that day, and she called both of the worker's physicians and discussed the date of the accident as being December 11, 1991. The worker's evidence is "one reasonable view of the evidence," although a "better reasoned view of the evidence might have dictated a different outcome." Ex parteVeazey, 637 So.2d 1348, 1349 (Ala. 1993).
 Notice
The company contends that the worker failed to give notice pursuant to § 25-5-78, Ala. Code 1975. Although this section requires written notice, this court has repeatedly stated that written notice is not required if the company had actual notice of an injury. Ex parte Harris, 590 So.2d 285 (Ala. 1991).
The worker testified that on the day of the injury he reported the injury to his foreman, to the company's medical department, and to the company's workmen's compensation administrator. The worker's doctor contacted the company on February 17, 1992, regarding the worker's need for surgery. The doctor's records state that: "Based on addendum D/CS of 1/17/92 Mr. Wright said [the workmen's compensation carrier] wouldprobably agree to surgery."
The addendum to the discharge summary of January 17, 1992, stated that the event appears to represent an "acute new event by history as dated." In finding that the company received notice, the trial court stated:
 "This Court finds that in addition to the notification as claimed by plaintiff to the nurse's station at defendant Company, Mr. Chuck Wright who handled the workmen's compensation claims at defendant company [on] and around February 17, 1992, had actual notice from the operating surgeon that plaintiff, Russell K. Williams' condition was as a result of an 'acute new event by history as dated'."
 "Therefore, this Court finds that notice was given in accordance with the Workmen's Compensation Act of the State of Alabama."
The company presented testimony that the worker failed to give actual notice. The registered nurse who worked in the company's medical department testified that the worker did not report any injury to her on the date of the accident, and that if he had reported to her, she would have taken down the routine information about the accident and prepared a "First Injury Report" and other documents, none of which were found in the company's files. Another nurse who worked during part of the worker's shift testified likewise. The worker's foreman testified that he also would have made out a report of the injury if it had been reported to him and that the worker failed to report it to him on the day of the alleged injury. The company's accident prevention supervisor had no knowledge of the injury. The worker was examined by his physician the day following the alleged injury, but the medical reports for that visit do not refer to that injury, but to an earlier injury. The worker's evidence is "one reasonable view of the evidence," although a "better reasoned view of the evidence might have dictated a different outcome." *Page 1207 Ex parte Veazey, 637 So.2d 1348, 1349 (Ala. 1993).
 Credit for Preexisting Injury
The trial court found that the worker was permanently and totally disabled and awarded benefits accordingly. The company filed a motion to alter, amend, or vacate the judgment and stated as one of its grounds that at the time of this accident the worker suffered from a preexisting back injury that had resulted in a settlement based on a 40% permanent partial disability and that the company should be given credit for it. The trial court denied this motion.
This issue is determined by whether the trial court erred in not considering the worker's preexisting back injury within the context of Ala. Code 1975, § 25-5-57(a)(4)e., which states:
 "e. Second Permanent Injuries Generally. — If an employee has a permanent disability or has previously sustained another injury than that in which he received a subsequent permanent injury by accident, such as is specified in the provisions of this section defining permanent injury, he shall be entitled to compensation only for the degree of injury that would have resulted from the latter accident if the earlier disability or injury had not existed."
Further, Ala. Code 1975, § 25-5-58, "Effect of preexisting injuries or infirmities," provides:
 "If the degree or duration of disability resulting from an accident is increased or prolonged because of a preexisting injury or infirmity, the employer shall be liable only for the disability that would have resulted from the accident had the earlier injury or infirmity not existed."
These two Code sections have been construed by this court to mean that if the worker had fully recovered from his first injury, then that injury was no longer a factor in arriving at the percentage of ability to earn in his disabled condition.Wal-Mart Stores, Inc. v. Bratton, 678 So.2d 1071
(Ala.Civ.App. 1995), rev'd on other grounds, Ex parte Bratton,678 So.2d 1079 (Ala. 1996); Blue Circle, Inc. v. Williams, 579 So.2d 630
(Ala.Civ.App. 1991); McKinney Petroleum Equipment, Inc. v.Connell, 453 So.2d 1044 (Ala.Civ.App. 1984); Thompson Co.Contractors v. Cole, 391 So.2d 1042 (Ala.Civ.App. 1980). However, if the worker had not fully recovered from the prior injury, §§ 25-5-57(a)(4)e. and 25-5-58 would limit the company's liability to only the increased disability suffered by the employee caused by the current injury. Druid CityHospital Regional Medical Center v. Junkins, 495 So.2d 69
(Ala.Civ.App. 1986). Thus, the dispositive issue is whether the worker had fully recovered from the earlier injury at the time of his current injury.
The worker began work for the company as an electromechanical, multi-crafted worker, doing heavy mechanical and electrical work. He was competent in all the licensed crafts, which included electronics, pipe fitting, welding, mechanical work, and electrical work. At the time he hurt himself in 1988, he was doing station repair; that work was much heavier than his earlier work and he was doing much more work than he had done in his earlier job with the company.
After his injury in 1988, the worker was not able to do the duties of welding, pipe fitting, and electrical work and was limited to a medium range of work, lifting between 25 and 50 pounds. The worker's supervisor testified that the company recognized that the worker had certain limitations and restrictions and had back problems and that:
 "The first accident that he had had, I don't know the date, and what, it was on his shift when he got hurt. But when he come back to work, to get him back to work and get him on the payroll, get him back, you know, in the certain capacity of doing work, they had brought him and assigned him to me.
 "And I put him in the instrument shop because some of the jobs in that area are, you know, small, tweaky type jobs. Some are larger jobs."
The worker testified that the new work was referred to by the company as light duty, that he was able to sit down a lot, and that he was his own boss. He would repair mostly small equipment, and the weight involved was around 20 to 25 pounds. A co-worker *Page 1208 
in the instrument shop testified that the worker had a lot of trouble with his back, often seemed to be in pain, and wore a TMS unit before his injury in December 1991.
The worker's physician, Dr. Allen, testified that he first saw the worker on June 18, 1991, and that on that date the worker made complaints of back pain that went down both legs, with inability to walk at times; that he was on light duty; that he had a permanent disability; and that he had limited work. Dr. Allen saw or received complaints by telephone of the worker's pain eight times between the first visit and the injury on December 11, 1991. Dr. Allen testified that approximately a month before the accident on December 11, 1991, the worker told him that he could not continue to work because of the pain.
The worker told his supervisor that he hurt all the time. Each Wednesday all workers with limited duties and work restrictions visited the company doctor, and the worker went just about every Wednesday. Unlike his prior work terms, he was assigned to work straight days with no overtime.
The worker testified that he had recovered from the 1988 injury and that that he was able to perform his assigned duties in the instrument shop. He admitted that he had a "choice assignment," but he contended it was not an assignment reserved for individuals with medical restrictions.
The worker's testimony that he was able to perform his assigned duties in the instrument shop was undisputed. However, this testimony does not negate the undisputed evidence from the company and the worker's testimony, as outlined above, that at the time of the worker's injury in December 1991, the worker was on light duty because of his physical limitations and restrictions, that he regularly visited the company's doctor for pain, that he continued to have pain when he worked, and that he had not fully recovered from his 1988 injury.
Therefore, we hold, as this court held in Junkins, that the evidence was undisputed that the worker suffered from a preexisting injury where, although he had returned to work, he had done so only with specific limitations placed upon him, and that he was not allowed to return to his former position, but was placed in another department, where he could work within his limitations. We also hold that the trial court erred, as a matter of law, by not applying §§ 25-5-57(a)(4)e. and 25-5-58
to determine the effect of the worker's prior injury on the worker's current injury.
The trial court's judgment is affirmed as to the issues of whether the worker injured himself in December 1991 and whether the company received notice of the accident. However, the judgment is reversed and the case is remanded for the trial court to consider the application of Ala. Code 1975, §§25-5-57(a)(4)e. and 25-5-58.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and YATES, J., concur.
[1] The review of this case is governed by Ala. Code 1975, §25-5-1 et seq., the Workmen's Compensation Act, which was in effect before the amendments of May 19, 1992.