YATES, Judge.
Billy Joe Lambert, a millwright employed by Saginaw Division, General Motors Corporation, suffered two injuries during the course of his employment. In May 1991, he injured his right shoulder while repairing a conveyor belt. He underwent surgery and, for six weeks and five days, received benefits under General Motors’ disability benefits program. His physician released him without any restrictions, and Lambert returned to work. At the time of the injury, Lambert’s average weekly wage was $915.60. In May 1993, Lambert injured his left shoulder and reinjured his right shoulder when he slipped and fell at work. Lambert underwent surgery and, for eight weeks and four days, again received benefits under the disability program. His physician released him without any restrictions, and Lambert returned to work. At the time of this injury, Lambert’s average weekly wage was $1,000. General Motors paid all of Lambert’s medical expenses.
Lambert later sued General Motors, seeking workers’ compensation benefits for the permanent partial disability he had suffered as a result of his injuries. Following an ore tenus proceeding, the court entered a judgment in Lambert’s favor, finding that he had suffered injuries to his left and right shoul-' ders resulting in a 10% impairment rating for each injury. The judgment awarded Lambert $4,884 per injury, pursuant to the schedule set forth in § 25-5-57(a)(3), Ala.Code 1975. Lambert appeals from the judgment, arguing that the court abused its discretion in awarding workers’ compensation benefits that were limited to his left and right arms and in refusing to allow a vocational expert to testify as to his disability rating.
Although the underlying injury in a workers’ compensation claim may be to only one part or member of the body, if its effect extends to other parts of the body and produces a greater or more prolonged incapacity than that which naturally results from the specific injury or if the injury causes an abnormal and unusual incapacity with respect to the member, then recovery is not limited to the amount allowed under the schedule for injury to the one member. Bell v. Driskill, 282 Ala. 640, 646, 213 So.2d 806, 811 (1968).
Because the first injury occurred before August 19, 1992, our review of the judgment regarding that injury is governed by the old Workmen’s Compensation Act. The standard of review is a two-step process: (1) we look to see if there is any legal evidence to support the court’s findings and (2) if we find such evidence, then we determine whether any reasonable view of that evidence supports the judgment. Ex parte Eastwood Foods, Inc., 575 So.2d 91, 93 (Ala.1991). If one reasonable view of the evidence supports the judgment, then the judgment must be upheld, even though another, perhaps better reasoned, view might provide a different outcome. Ex parte Veazey, 637 So.2d 1348, 1349 (Ala.1993). Because the second injury occurred after August 19,1992, our review of the judgment regarding that injury is governed by the new Workers’ Compensation Act. The new Act provides that on appeal the review of the proof and the consideration of other legal issues shall be without a presumption of correctness. § 25-5-81(e)(l), Ala. Code 1975. It further provides that when a court reviews findings of fact, those findings will not be reversed if they are supported by substantial evidence. § 25-5-81(e)(2), Ala. Code 1975. Our supreme court “has defined the term ‘substantial evidence,’ as it is used in § 12-21-12(d), to mean ‘evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.’” Ex parte Trinity Industries, Inc., 680 So.2d 262, 268 (Ala.1996)(quoting West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989)). Further, we “will view the facts in the light most favorable to the findings of the trial court.” Whitsett v. BAMSI, Inc., 652 So.2d 287, 290 (Ala.Civ.App.1994). This court has also concluded: “The new Act did not alter the rule that this court does not weigh the evidence before the trial court.” Edwards v. Jesse Stutts, Inc., 655 So.2d 1012, 1014 (Ala.Civ.App.1995).
Evidence examined by the court .showed: (1) that Lambert, as he stated, is able to “pull his load” at work; (2) that he *870 had not missed any days from work following his periods of recuperation; (8) that he had not returned to his orthopedic surgeon for additional treatment following his return to work; (4) that he had not been taking any prescribed medication for any problems associated with his injuries; and (5) that he had routinely worked many hours of overtime.
We conclude that there is legal evidence to support the court’s judgment that the 1991 injury was one to a scheduled member, and we conclude that a reasonable view of that evidence supports the court’s conclusion that the injury did not cause an abnormal or unusual incapacity to the member. We also conclude that the evidence qualified as “substantial evidence” and thus supports the court’s judgment that the 1993 injury was to a scheduled member. After reviewing the evidence in the light most favorable to the findings of the court, we cannot say that a fair-minded person would be unable to reasonably infer that the 1993 injury was limited to a scheduled member.
The admissibility of opinion testimony based upon hearsay is a matter resting within the trial court’s discretion. Dutton v. Saginaw Div., General Motors Corp., 634 So.2d 597, 600 (Ala.Civ.App.1994). Absent an abuse of that discretion, we will not reverse the trial court’s ruling on that issue. Id. Lambert argues that the court abused its discretion in refusing to allow his vocational expert to testify as to Lambert’s disability rating. At trial, the expert explained that he could provide a disability rating only if the court allowed him to rely upon a functional capacities evaluation allegedly prepared by Lambert’s surgeon. The surgeon’s deposition testimony, which the court admitted into evidence, included no references to a functional capacities evaluation. There was no way to authenticate the evaluation. Because Lambert had not experienced a loss in earnings following either injury, the expert said the evaluation was necessary to show a vocational disability. In response to objections by General Motors, the court instructed the expert to limit his testimony to matters of which he had first hand, personal knowledge. We cannot say that the court abused its discretion.
AFFIRMED.
ROBERTSON, P.J., and THIGPEN and CRAWLEY, JJ., concur.
MONROE, J., concurs in the result.