THOMPSON, Presiding Judge,
concurring in the judgment of reversal but dissenting as to the instructions on remand.
I agree that the judgment should be reversed and the ease remanded; however, I respectfully dissent from the instructions the main opinion gives on remand. Section 25-5-88, Ala.Code 1975, requires that a workers’ compensation judgment contain “a statement of the law applicable to the case, the facts as they relate to the law, and the resulting conclusions.” Dees v. Daleville Florist, 408 So.2d 155, 156 (Ala.Civ.App.1981). Substantial compliance with § 25-5-88 will suffice. Id.; see also Roberts v. Veazey, 637 So.2d 1350, 1351 (Ala.Civ.App.1994). Even so, the trial court must reach a determination of each issue presented to it. Golden Poultry Co. v. Roper, 660 So.2d 1311, 1313 (Ala.Civ.App.1995).
In this case, the trial court heard arguments and received evidence on the issue whether Earnest Dean’s injury was a scheduled injury under § 25-5-57(a)(3), Ala.Code 1975, or whether that injury affected other parts of his body so as to remove compensation from the confines of that schedule; that issue was the ultimate issue in this action. In its March 5, 2007, order, the trial court made a finding that Dean was permanently and totally disabled, and it adopted and ratified that finding in its April 24, 2007, judgment. However, the trial court failed to make any findings of fact or legal conclusions in either its March 5, 2007, order or the April 24, 2007, judgment in support of its decision that Dean’s injury should be compensated outside the schedule in § 25-5-57(a)(3).
Pursuant to § 25-5-88, a trial court in a workers’ compensation action “ ‘is required to make findings of fact and conclusions of law, and these findings should encompass each and every issue presented to and litigated in the trial court; where this is not done, the judgment should be reversed.’ ” Ex parte Valdez, 636 So.2d 401, 404 (Ala.1994) (quoting Thompson & Co. Contractors v. Cole, 391 So.2d 1042, 1045 (Ala.Civ.App.1980)). Given the failure of the trial court to make a determination as to the ultimate issue in Dean’s workers’ compensation action, I would reverse the judgment and remand the cause to the trial court for the entry of a judgment in compliance with § 25-5-88, Ala.Code 1975.
MOORE, J., concurs.