This is a workmen's compensation case.
The employee sought workmen's compensation benefits alleging that she suffered from an occupational disease. The trial court denied benefits and the employee through able counsel now appeals.
The employee contends on appeal that the evidence does not support the trial court's conclusion that her disability is not work related. We find there is evidence to support the trial court's actions and affirm.
In workmen's compensation cases this court looks at the record only to determine if the findings of fact by the trial court are supported by any legal evidence and if the law has been properly applied to the facts. We will not consider the weight of the *Page 396 
evidence. Craig v. Decatur Petroleum Haulers, Inc.,340 So.2d 1127 (Ala.Civ.App. 1976), cert. denied, 340 So.2d 1130 (Ala. 1977).
Keeping in mind our standard of review, the following is relevant:
The employee, a forty-nine-year-old female, was employed by Teledyne Firth Sterling (employer) at its manufacturing plant from November 1980 to August 1982. The employee operated a grinding machine used to grind cutting instruments. The grinding or manufacturing process involved the use of coolants and tungsten carbide. During the process a mist or dust was generated which would wet or settle on the employee.
After working at Teledyne some nine or ten months, the employee began experiencing trouble in breathing and other symptoms which she alleges were caused by exposure to the coolant and dust at work. The employee sought compensation benefits.
After considering the evidence, the trial court determined that although the employee had "a definite disability and resulting loss of ability to earn wages because of her health and physical condition, she has failed to present sufficient evidence to convince the Court that such is related to her employment or the conditions under which she worked. . . ." Accordingly, the trial court denied the employee compensation.
In order for the employee to recover under the occupational disease or the occupational pneumoconiosis sections of the Workmen's Compensation Act, she must prove the disease arose out of and in the course of employment. Ala. Code §§ 25-5-110
and 25-5-140 (1975). An occupational disease is not compensable if it is not caused or aggravated by the nature of the employment. Dodson v. Atrax Division of Wallace-Murray Corp.,437 So.2d 1294 (Ala.Civ.App. 1983).
In the present case there is evidence that the nature and symptoms of the employee's affliction are inconsistent with the respiratory diseases caused by the inhalation of tungsten carbide dust. There is also evidence that the employee's disease or ailment was caused by over thirty years of cigarette smoking.
We believe the following testimony from an apparently extremely qualified medical expert supports the finding that the employee's condition is not work related.
 "Q. Doctor, I know we have been around this a great deal, but if you could sum up for the Court why you think Ms. Hall does not have asthma or bronchitis that was caused by tungsten carbide exposure?
 "A Yes, sir. We know with a high level of medical certainty what she has. She has chronic bronchitis with the usual wheezing or asthma features which go with that. There may be some emphysema. This is simply not the pattern of illness that results from tungsten carbide exposure under the circumstances of this patient, namely possible exposure for a year and then removal from exposure.
 "And, indeed, her pattern of her disease, the nature of her disease is objectively confirmed by pulmonary function studies which show the typical obstructive features of chronic bronchitis with asthmatic features and fail to show the typical restrictive features that are the long-term sequelae or results of tungsten carbide exposure.
 "In addition, the onset and course of her illness came on rather gradually after a year of possible exposure and remained about the same after leaving the job, neither better nor worse. That just doesn't make good common sense to ascribe that to tungsten carbide.
 "If there were at about the time she dates her symptoms a very heavy exposure, I would have expected her to have very severe and heavy symptoms then of an asthmatic nature which subsequently subsided, and that is not the history of this case.
 "And, third, this patient's onset and characteristics of her illness in every respect, history, physical examination and objective laboratory are absolutely typical *Page 397 
of the second most common disabling condition in the entire work force ensured under Social Security, namely, chronic obstructive lung disease.
 "Q. And in your opinion what is the cause of her chronic obstructive lung disease?
 "A. Smoking is such an overwhelmingly important cause of this condition."
As seen from the above, there is evidence to support the trial court's finding that the employee did not establish that her condition was work related. This is true whether the employee sought to recover under § 25-5-110 or § 25-5-140, Ala. Code (1975).
We note in all fairness that had the trial court found that the employee's affliction was compensable there is also some evidence to support such a determination. Be that as it may, as seen from the foregoing, under our standard of review we must affirm the trial court's judgment.
This case is due to be and is affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.