This is a workmen's compensation case.
Claimant Frankie Taylor appeals from an adverse ruling of the Circuit Court of Jefferson County. The court denied dependent's benefits to her after finding that her deceased husband had not contracted an occupational disease from his employment as defined by § 25-5-110, Code of Alabama 1975, and that his employment had not aggravated a pre-existing situation.
Mr. Taylor, the deceased, worked for the United States Steel Corporation for forty-one years. He began working as a yard laborer, and later performed various other jobs at the Fairfield plant. Some of Taylor's jobs involved exposure to heat, dust and chemical spraying compounds. However, the jobs were performed in an open-ended building almost 1,000 feet long, which had such a natural thermal updraft from the heat inside that workers complained of being cold in the winter when the cold, outside air was drawn in through the openings in the building.
After performing the above jobs for many years with a good work record, Taylor retired in 1977. He passed away in January 1980, from complications related to emphysema.
After his death, Mrs. Taylor instituted an action against U.S. Steel to recover benefits under the Alabama Workmen's Compensation Act. Her stated grounds for recovery were that her husband, as an employee of U.S. Steel, had contracted severe pulmonary disease as a result of his exposure to dust, smoke, and pollutants at his work place.
After a trial held ore tenus, where much evidence was presented that showed the deceased died of emphysema, caused by cigarette smoking, rather than from an occupational disease or its aggravation, the trial court entered a final judgment in favor of the defendant. It is from that judgment that this appeal is taken.
In a workmen's compensation case, the proper mode of review is by writ of certiorari. Suit v. Hudson Metals, Inc.,414 So.2d 115 (Ala.Civ.App. 1982). On appeal review is limited to whether there is any legal evidence to support the findings of the trial court. Young v. City of Huntsville, 342 So.2d 918
(Ala.Civ.App. 1976). A review of the weight of the evidence or whether the finding of fact by the trial court was correct is not properly before this court. Suit v. Hudson Metals, supra.
Section 25-5-110, Code of Alabama 1975, provides the conditions for recovery under the Alabama Workmen's Compensation law for an occupational disease. To be occupational, the disease must be due to hazards in excess of those ordinarily incident to employment in general, as well as peculiar to the occupation in which the employee is engaged. §25-5-110, Code 1975; Young v. City of Huntsville, supra.
The fact that an employee had a pre-existing disease does not affect an award of compensation if the job combined with the disease to produce injury or death. Southern Cotton Oil Co. v.Wynn, 266 Ala. 327, 96 So.2d 159 (1957); Newman Brothers, Inc.v. McDowell, 354 So.2d 1138 (Ala.Civ.App. 1978).
To recover benefits under this view, however, the claimant must prove aggravation or combination. It is axiomatic that an occupational disease is not compensable if it is not caused or aggravated by the nature of the employment. Chrysler Corp. v.Henley, 400 So.2d 412 (Ala.Civ.App. 1981). *Page 833 
After extensive testimony in appellant's case, the trial court found that the deceased died from emphysema caused by heavy cigarette smoking, beginning at an early age and continuing for twenty-four years, and that the deceased's employment did not contribute to or aggravate that condition. There was some conflicting medical testimony offered at trial, but findings of the trial court on conflicting testimony are conclusive if there is any testimony to support its conclusion.Suit v. Hudson Metals, supra.
A nationally known authority on emphysema and bronchitis testified that the sole cause of death of the deceased was emphysema and its normal complications. He testified that in this case, the emphysema was due solely to cigarette smoking. In addition, air quality studies taken at the deceased's work place showed air quality within permissible limits. Results of studies from other steel mills were also introduced, showing no significant correlation between mill employment and lung disease.
From the above and the record, it appears to this court that there was legal evidence to support the conclusion of the trial court. Therefore, the judgment is due to be affirmed.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.