ROBERTSON, Presiding Judge.
This is an appeal from a denial of workmen’s compensation benefits. The employee, Emmitt Terry, alleged that he was due workmen’s compensation benefits as a result of a work-related “accident” or, in the alternative, due to his suffering from an occupational disease.
After receiving ore tenus evidence, the trial court determined that Terry did not meet his burden of proof so as to establish that he had suffered a work-related accident. The trial court also found that Terry had not offered sufficient proof to establish that he suffered an occupational disease.
Terry appeals, asserting that the trial court erred in not awarding him compensation benefits. Specifically, Terry maintains that he did establish that he suffered an occupational disease or, in the alternative, that he suffered a work-related accident. Terry also maintains that the trial court’s order does not meet the criteria set forth in § 25-5-88, Code 1975.
Our standard of review in a workmen’s compensation case involves a two-step process. Ex parte Eastwood Foods, 575 So.2d 91 (Ala.1991). First, this court determines if there is any legal evidence to support the trial court’s findings. Then, if such evidence is found, this court determines whether any reasonable view of the evidence supports the trial court’s judgment. Eastwood Foods. We note that we do not weigh the evidence on appeal. Cook v. Munn, 528 So.2d 881 (Ala.Civ.App.1988).
Likewise, the trial court is free to consider all the evidence before it, as well as its own observations of the witnesses, and, then, the trial court may interpret what it has heard and observed in accordance with its own best judgment. Armstrong v. Lewis & Associates Construction Co., 469 So.2d 605 (Ala.Civ.App.1984). Finally, when the trial court makes its findings based on conflicting testimony, those findings are conclusive. Washington v. Warrior Tractor & Equipment Co., 487 So.2d 1371 (Ala.Civ.App.1986).
Concerning Terry’s contention that he suffered a work-related accident, we note the following. Section 25-5-1(8), Code 1975 provides:
*560 “Accident. Such term ... shall ... be construed to mean an unexpected or unforeseen event, happening suddenly and violently, with or without human fault, and producing at the time injury to the physical structure of the body ... by accidental means.”
Further, this court has expanded upon this definition and has noted that the term accident “ ‘contemplates a reasonably definite period of time during which the accident manifests itself, rather than a gradual disintegration or deterioration.’ ” Buchanan Lumber Co. v. Edwards, 531 So.2d 1, 2 (Ala.Civ.App.1988) (quoting City of Florence v. Gallien, 484 So.2d 1095, 1097 (Ala.Civ.App.1986)).
Terry himself testified that his lung problem was a problem that “gradually came on me.” He further testified that his problem was caused by gradual exposure to certain chemicals with which he worked.
In short, legal evidence existed from which the trial court could conclude that Terry’s lung condition was not due to an “accident” as defined by § 25-5-1(8), but rather a gradual deterioration. Thus, we find no error in the trial court’s determination on that issue.
Next, we must consider whether the trial court properly determined that Terry failed to establish that he suffered an occupational disease that was either contracted from or aggravated by the nature of his employment. §§ 25-5-110(1), -(2), Code 1975; City of Tuscaloosa v. Howard, 55 Ala.App. 701, 318 So.2d 729 (1975).
We note that one of the physicians who testified as to Terry’s lung problems stated that, in his judgment, Terry’s current lung problems were the result of a “severe infection which damaged the lower part of his left lung setting him up for current infections in that area.” He also testified that, although Terry will always have problems with his lungs, his problems are not due to the chemicals he worked with, but rather due to the fact that he has a damaged lung, that he has asthmatic bronchitis, and that anything could trigger it. Further, there was also testimony that Terry had an extensive history of lung problems prior to his job with the employer.
In view of the aforementioned evidence and our standard of review, we find that the trial court could have properly concluded that Terry did not suffer from an occupational disease, but instead that he suffered from a pre-existing condition that was the sole cause of his current problems. See Hall v. Teledyne Firth Sterling, 448 So.2d 395 (Ala.Civ.App.1984).
Finally, the employee asserts that the trial court’s order does not comply with § 25-5-88, Code 1975. However, we note that that section mandates only substantial compliance with its requirements. Wilson v. William Wilson Co., 537 So.2d 930 (Ala.Civ.App.1988). We have examined the court’s order and simply find no merit in Terry’s assertion that the order fails to comply with § 25-5-88.
This case is due to be affirmed.
AFFIRMED.
THIGPEN and RUSSELL, JJ., concur.