ROBERTSON, Presiding Judge.
James Cash (employee) filed suit for workmen’s compensation benefits, claiming that he contracted an occupational pneumoconio-sis arising out of and in the course of his employment with Blue Mountain Industries (employer).
Following an ore tenus proceeding, the trial court found in favor of the employer. The employee appeals.
In reviewing workmen’s compensation eases, this court must first look to see if there is any legal evidence to support the findings of the trial court. If such evidence *575 is found, then we must determine whether any reasonable view of that evidence supports the trial court’s judgment. Ex parte Eastwood Foods, Inc., 575 So.2d 91 (Ala.1991).
The record revealed the following pertinent facts: The employee is a 46-year-old male. From 1970 to 1990 the employee worked for the employer in a cotton mill. The employee’s job assignments have changed throughout the years. He started working as a card operator, then as a supervisor, and eventually moved into the position of a fixer, where he repaired machinery in the cotton mill. In 1990, the employee was admitted to the hospital, complaining of coughing, wheezing, tightening of the chest, and shortness of breath. He was subsequently examined by Dr. Born, who administered various tests, including a pulmonary function test, chest X-rays, and an examination of arterial blood gases. Based upon several examinations of the employee, the test results, and the employee’s occupational history, Dr. Born diagnosed the employee’s condition as byssinosis, also referred to as “brown lung,” or an occupational pneumoco-niosis due to exposure to cotton dust.
Occupational pneumoconiosis is defined as a lung disease brought on by the inhalation of minute particles of dust over a period of years. Nason v. Jones, 278 Ala. 532, 179 So.2d 281 (1965). For the employee to recover under § 25-5-140, Code 1975, he must prove the disease arose out of and in the course of his employment. Hall v. Teledyne Firth Sterling, 448 So.2d 395 (Ala.Civ.App.1984). We note that eases of this nature must be interpreted in light of the .fundamental beneficent policy of the Workmen’s Compensation Act, and because of the remedial purpose of the act, it should be liberally construed and all reasonable doubts resolved in favor of the employee. Dan River Mills, Inc. v. Foshee, 365 So.2d 1232 (Ala.Civ.App.1979). Nevertheless, the burden is on the employee to establish to the satisfaction of the trial court that his disease arose out of and in the course of his employment. Id.
The trial court in its judgment found that:
“the vast preponderance of the evidence in this case clearly indicates ... that the Plaintiffs condition is medical or caused by some source other than cotton dust at his place of employment. In other words, while the Plaintiff may suffer from adult onset asthma or hyperreactive airway, both chronic obstructive conditions in this ease, he does not suffer from byssinosis as alleged, nor is his condition caused by employment related factors.”
On the basis of this decision the employee was denied workmen’s compensation; hence this appeal.
The employee contends that his exposure to cotton dust caused him to suffer occupational pneumoconiosis within the meaning of § 25-5-140, Code 1975, and, therefore, is due to receive workmen’s compensation benefits for his disability.
At trial, both the employee and employer presented conflicting expert testimony. The employee’s expert, Dr. Born, the employee’s physician from the outset, testified by deposition. He diagnosed the employee as suffering from byssinosis. Dr. Born first examined the employee on February 23, 1990, at which time the employee informed him that he had suffered from breathing difficulties for three months. Dr. Born testified that he examined the employee four times before he diagnosed him as having byssinosis, an allergic reaction to cotton dust. Dr. Born testified that he prescribed bronchodilators for the employee to help him breathe and recommended that he not return to work at the cotton mill. Dr. Born testified that he believed the employee had asthma which began three months prior to his first examination.
The employer’s expert, Dr. Cooper, a pulmonary specialist, testified that he examined the employee on April 20, 1990. According to his testimony, after reviewing examination records performed by Dr. Galphin, a pulmonary specialist and founder of Respiratory Consultants, and then performing pulmonary tests and chest X-rays on the employee, Dr. Cooper concluded that the employee suffered from mild airway obstruction. Dr. Cooper noted that developing this disease only 23 years into employment was highly unusual; that fact, coupled with the fact that the employee’s coughs were nonproductive, led him *576 to the conclusion that the employee’s symptoms were atypical for byssinosis. In his final analysis, Dr. Cooper testified, he does not believe that the employee’s physical problems were related to his occupation. He diagnosed the employee as having chronic obstructive pulmonary disease.
Dr. Galphin testified on behalf of -the employer. His testimony revealed that, in the course of working with the employer, he did several pulmonary function studies from 1980 until 1989, using a spirometry test on the employee. He testified that the results of these tests were normal, and that until November 6, 1989, there was no evidence of byssinosis or any pulmonary problem. He also noted that the employee answered “yes” to a question on a questionnaire required by the Occupational Safety and Health Administration, inquiring into whether the employee had asthma before going to work in the textile mill.
In workmen’s compensation cases where there is conflicting testimony, as in the instant case, and some of the testimony supports the findings of the trial court, the finding is deemed conclusive. Dan River Mills, Inc. v. Foshee, 365 So.2d 1232.
In the case at bar, there is legal evidence to support the trial court’s finding that the employee is not suffering from occupational pneumoconiosis. Because a reasonable view of this evidence supports the trial court’s judgment, we must affirm. Eastwood Foods.
AFFIRMED.
THIGPEN and RUSSELL, JJ., concur.