We have granted James Cash's petition for certiorari review of a judgment of the Court of Civil Appeals affirming the trial court's denial of worker's compensation benefits. We reverse and remand.
From 1970 to 1990 Blue Mountain Industries ("BMI") employed Cash to work in its cotton mill. On March 13, 1990, Cash was admitted to a hospital with complaints of coughing, wheezing, tightening of the chest, and shortness of breath.[1] Dr. Henry Born examined him and diagnosed him as suffering from byssinosis, an asthmatic condition caused by an allergy to cotton dust. On June 4, 1990, Cash filed a worker's compensation action against BMI. The case was tried ore tenus.
On May 24, 1991, the trial court entered a judgment for BMI because, it found, Cash did not suffer from byssinosis. On August 6, 1991, the trial court denied Cash's motion to alter, amend, or vacate the judgment, or, in the alternative, for a new trial. The Court of Civil Appeals affirmed. Cash v. BlueMountain Industries of Carisbrook Co., 624 So.2d 574
(Ala.Civ.App. 1992).
This Court has written:
 "The standard of appellate review in workmen's compensation cases is a two-step process. Initially, the reviewing court will look to see if there is any legal evidence to support the trial court's findings. If such evidence is found, then the reviewing court determines whether any reasonable view of that evidence supports the trial court's judgment."
Ex parte Eastwood Foods, Inc., 575 So.2d 91, 93 (Ala. 1991). However, in ore tenus cases, this standard of review is applicable only to the trial court's findings of fact, not its conclusions of law. See Moore v. McNider, 551 So.2d 1028
(Ala. 1989); Williams v. Nearen, 540 So.2d 1371 (Ala. 1989).
In this case the trial court made the following findings: "[W]hile [Cash] may suffer from adult onset asthma or hyper-reactive airways, both chronic obstructive conditions . . ., he does not suffer from byssinosis . . ., nor is his condition caused by employment related factors." The Court of Civil Appeals affirmed the trial court's judgment, because, it said, there was legal evidence to support the trial court's finding that Cash did not have byssinosis and a reasonable view of that evidence supported the judgment denying worker's compensation benefits.
Cash argues that the Court of Civil Appeals judgment against him should be reversed because, he says, that judgment and the judgment by the trial court ignore the law in Alabama that a disease is compensable when it is caused by or is aggravated by the nature of the employment. See Taylor v. United States SteelCorp., 456 So.2d 831, 832 (Ala.Civ.App. 1984); Dodson v. AtraxDivision of Wallace-Murray Corp., 437 So.2d 1294, 1297
(Ala.Civ.App. 1983); Chrysler Corp. v. Henley, 400 So.2d 412, 415
(Ala.Civ.App. 1981). Cash further argues that no reasonable view of the evidence in this case supports the trial court's judgment against him because, he says, no evidence supports any finding other than that Cash suffered from a disease, either asthma or hyper-reactive airways, that was aggravated by the nature of his employment. We agree with both of Cash's contentions.
The Court of Civil Appeals has held that, even if an employee has a pre-existing disease, his injury is compensable when job-related factors combine with his disease or aggravate his disease and, thereby, produce an injury. Taylor,456 So.2d at 832. Further, chronic obstructive pulmonary diseases such as asthma and hyper-reactive airways can be occupational diseases.See Dodson, 437 So.2d at 1297; Henley, 400 So.2d at 414. *Page 578 
To the extent that the trial court made findings of fact in this case, we agree with the Court of Civil Appeals that there was legal evidence to support those findings. However, the trial court focused only upon whether Cash suffered from an occupational disease caused by employment-related factors. It made no finding as to whether Cash suffered from a disease aggravated by exposure to cotton dust. At trial, the parties presented expert testimony agreeing that Cash had an asthmatic condition that worsened with exposure to cotton dust. Dr. Born testified by deposition on Cash's behalf that he believed Cash suffered from asthma and that he had advised Cash not to return to work, because he had found that Cash's condition had worsened when Cash was exposed to cotton dust. BMI presented the expert testimony of Dr. John Cooper, a pulmonary specialist who examined Cash after he sued for benefits. Dr. Cooper admitted on cross-examination that he believed Cash suffered from an obstructive airway disease other than byssinosis, such as asthma or hyper-reactive airways, an asthmatic-like condition. Cooper further testified that the symptoms Cash exhibited were probably not caused by cotton dust but "that his symptoms [did] worsen when he [was] exposed to the cotton dust."
Inasmuch as the trial court and the Court of Civil Appeals focused only on whether Cash suffered from an injury caused by his work environment and not upon whether he suffered from a disease that was aggravated by his work environment, the trial court and the Court of Civil Appeals misapplied the law to the facts of this case. Further, because the experts agreed that Cash suffered from a disease, either asthma or hyper-reactive airways, or both, and that cotton dust aggravated Cash's disease, no reasonable view of the evidence supports a judgment holding that Cash's disease was not compensable. Accordingly, we reverse the judgment of the Court of Civil Appeals and remand for that court to instruct the trial court to enter a judgment for Cash awarding worker's compensation benefits in the appropriate amount.
REVERSED AND REMANDED.
ALMON, SHORES, ADAMS, HOUSTON, KENNEDY and INGRAM, JJ., concur.
MADDOX, J., dissents without opinion.
[1] Cash does not smoke.