THIGPEN, Judge.
This is a workmen’s compensation case.
Benny F. Woody filed suit in June 1986 in Jefferson County, seeking workmen’s compensation benefits, alleging that he was employed by Russell Corporation (Russell) as a “sweeper” during October 1985, when he allegedly injured his back. Russell’s motion to transfer the cause to Tallapoosa County was granted in July 1986. Following ore tenus proceedings in May 1992, the trial court entered a judgment for Russell, finding that Woody “did not suffer a compensable accident on the job while employed by [Russell] on October 1, 1985,” and that “[e]ven giving [Woody] the benefit of [the] doubt that there was some minor incident at work, the Court concludes that he suffered no impairment or diminution in his earning capacity as a result of this on-the-job incident.” Woody appeals. Although Woody raises two issues, the dis-positive issue is whether the trial court erred in finding that Woody did not suffer a com-pensable accident while employed by Russell.
Woody correctly asserts that the standard of review in a workmen’s compensation case is a two-step process. First, the reviewing court determines if there is any *629 legal evidence to support the trial court’s findings. If so, the reviewing court then determines whether any reasonable view of that evidence supports the trial court’s judgment. Ex parte Eastwood Foods, Inc., 575 So.2d 91 (Ala.1991). Our Supreme Court has recently noted, however, that “in ore tenus eases, this standard of review is applicable only to the trial court’s findings of fact, not its conclusions of law.” Ex parte Cash, 624 So.2d 576, 577 (Ala.1993). (Emphasis in original.)
Woody acknowledged that he had previously injured his back playing basketball in July 1985, and that that injury was not related to his employment. Thereafter, he was on medical leave until September 30, 1985, when he was released to return to work without restrictions. On the following day, he complained of pain in his lower back and was sent to a company-approved physician, and he later was referred to a neurosurgeon. Russell paid Woody’s medical expenses during this time.
Russell’s safety director, who is responsible for investigating workmen’s compensation claims, testified regarding the alleged October 1,1985, injury. He admitted that he did not file the report regarding Woody’s injury as required by statute; however, he testified that he failed to do so because Woody informed him that it was not an on-the-job injury. He testified that Woody advised him that he must have come back from his sick leave too early. He further testified that Russell fired Woody in November 1985, for unauthorized work elsewhere while on a medical leave of absence. Additionally, medical records disclosed that Woody indicated to the neurosurgeon that he did not think he hurt himself at work and that this was a continuing episode of back pain from his July 1985 injury.
The trial court’s order stated that “Credibility is an issue in this case. [Woodyj’s conflicting testimony on several points is a factor.” The record reveals numerous discrepancies in testimony: Woody denied receiving a call from a company representative offering him “light duty” jobs; he denied telling doctors that he did not think he hurt himself at work, and he stated that he could not explain why the doctors testified that he did not hurt himself at work; Woody denied certain facts reflected in his medical records, particularly, those of his physician; and Woody further contended that the safety director and others lied about how he hurt his back. Woody testified in an interview with a local newspaper regarding his physical well-being that subsequent to the 1985 basketball injury, he could run six miles without stopping, that exercise was an important part of his life, that he continued to play basketball, and that he jogged regularly and felt “like a new person.”
Woody also testified that at the time of trial, he was a policeman for the City of Prattville; that when he applied for the policeman’s job he denied any prior back injury; that his salary as a policeman was higher than his salary with Russell; and that as a policeman, he often had to physically restrain people and to engage in physical activity, and that he was able to do so without limitation.
The evidence is undoubtedly conflicting regarding whether Woody suffered any employment-related injury or an aggravation of a pre-existing injury. This court does not reweigh the evidence on appeal. Cook v. Munn, 528 So.2d 881 (Ala.Civ.App.1988). Further, the factual holdings of the trial court, which are based on conflicting testimony, are conclusive. Washington v. Warrior Tractor & Equipment Co., 487 So.2d 1371 (Ala.Civ.App.1986). The record is replete with legal evidence to support the trial court’s finding that Woody “did not suffer a compensable accident on the job,” and a reasonable view of that evidence supports the trial court’s judgment.
Accordingly, the judgment is due to be, and it is hereby, affirmed.
AFFIRMED.
ROBERTSON, P.J., and YATES, J., concur.