L. CHARLES WRIGHT, Retired Appellate Judge.
Bernice Hobbs filed a complaint for workmen’s compensation benefits in the Circuit Court of Jefferson County against Gold Kist, Inc., alleging that she was owed benefits for a work-related accidenVoecupational disease. Following oral proceedings, the trial court found that Hobbs had suffered a 41% permanent impairment to her ability to earn. Gold Kist appeals.
The record reflects that at the time of the hearing, Hobbs was 59 years of age. She began working in the Ralston Purina chicken factory in 1971 and continued to work there after Gold Kist purchased it. In 1973 Hobbs obtained the position of gizzard peeler. She held this position for approximately 17 years.
Her responsibilities involved removing the peeling from chicken gizzards. She would push a handful of gizzards onto a vibrating roller, which had a small blade that removed the peeling. During this process, cold water would run continuously over the chicken parts and consequently her hands.
In 1987 Hobbs cut one of her fingers on the blade. The finger became infected. She subsequently underwent surgery. She did not work for several months following the surgery.
When she returned to work, Gold Kist put her to work in the chicken packing room. In that position she dealt with frozen chickens, which caused her pain in her injured hand. Due to the pain, she returned to her gizzard peeler position. This position also caused discomfort. She subsequently saw a doctor, who suggested that she be put on light duty. Her light duty consisted of working in the picking room (picking feathers from chickens).
Hobbs, however, continued to experience pain in her hand. She stopped working at Gold Kist in April 1990. In May 1990 she saw Dr. Gordon Kirschberg, a neurologist. Dr. Kirschberg opined that she could be suffering from Raynaud’s phenomenon. He referred her to Dr. Alan Paul, a rheumatologist, for a second opinion.
Dr. Paul diagnosed her as having Ray-naud’s phenomenon. He testified that Ray-naud’s phenomenon is a rheumatic condition that occurs when a person has vasospasm in arterials. He testified that the condition can occur alone, or along with other rheumatic disorders.
Dr. Paul opined that Hobbs’s employment did not cause the Raynaud’s. He testified, however, that her employment had aggravated her condition. Specifically, he stated that the exposure to cold water was the aggravating factor. He further testified that her condition would not get better. He thought that her condition was “evolving” toward becoming fixed and that it was no longer showing reversible changes.
Dr. Mary Kessler, Hobbs’s vocational expert, found that Hobbs suffered a 49% loss of access to the job market. Claude Peacock, *916 Gold Kist’s vocational expert, found that Hobbs suffered a 24% to 31% vocational disability.
Gold Kist raised several issues without supporting authority. The only issue properly raised for our review was whether a reasonable view of the evidence supports the trial court’s “finding of an employment-related permanent disability.”
In a workmen’s compensation case, this court’s review is limited to a determination of whether there is any legal evidence to support the trial court’s conclusions. If a reasonable view of the evidence supports the findings of the trial court, this court may then determine whether the correct legal conclusions have been drawn therefrom. Ex parte Eastwood Foods, Inc., 575 So.2d 91 (Ala.1991).
The trial court did not find that the Ray-naud’s was caused by Hobbs’s employment. It found, however, that her condition was aggravated by her employment. Specifically, it found that the exposure to cold water in peeling the gizzards aggravated and contributed to her permanent impairment.
If an employee has a pre-existing condition, her injury is compensable when job-related factors combine with the condition or aggravate the condition and, thereby, produce an injury. Ex parte Cash, 624 So.2d 576 (Ala.1993).
The record and the law support the trial court’s finding. We find no error.
The judgment of the trial court is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.