SAM A. BEATTY, Retired Justice.
Farmers Home Gin, a corporation (“FHG”), appeals from a judgment awarding temporary total and permanent partial workers’ compensation disability benefits to Dennis R. Christopher. The trial court found that Christopher did not return to work at a wage equal to or greater than his pre-injury wage, and determined that he had suffered a 27% permanent partial vocational disability as a result of his injury. FHG contends that the trial court erred in calculating Christopher’s average weekly post-injury wage and that the trial court should have followed § 25-5-57(a)(3)i, Ala.Code 1975, in this ease. Section 25-5-57(a)(3)i provides that if an employee returns to work at a wage equal to or greater than his or her pre-injury wage, the permanent partial disability rating shall be equal to his or her physical impairment. In that instance, the court is not allowed to consider any evidence of vocational disability. We reverse and remand.
*797 On January 20, 1993, while operating a forklift for FHG, Christopher broke his left arm in several places when the metal forks fell on his arm. Christopher’s orthopedic surgeon determined that he suffered a 9% physical impairment of the body as a whole as a result of his injury. A vocational expert determined that Christopher suffered a 27% loss of earning capacity as a result of his injury.
Christopher returned to work on October 1, 1993, and worked until January 14, 1994, when he underwent additional surgery on his arm. He again returned to work on March 4, 1994, and was working at the time of trial. Before his injury, Christopher made $6.50 per hour. Upon his return to work after the injury, he made $7.00 per hour. He usually worked 40 hours per week, but during ginning season, he worked extensive overtime hours. Christopher returned to work in 1993 in time for the ginning season and worked the overtime required of him, but testimony reflected that he did not work the number of overtime hours he had worked in 1992 because the cotton season was not as productive in 1993.
FHG paid medical insurance premiums for all of its employees, including Christopher. In his case, however, FHG also paid the premiums for his family’s medical insurance coverage, a benefit that was not extended to any other employee. The manager of FHG testified that because of medical problems experienced by Christopher’s family, the company decided to pay Christopher’s family premiums in an effort to assist the family through a difficult time. After other employees began to complain about the extra benefit extended to Christopher, however, FHG ceased paying his monthly family premium in May 1994.
After a hearing in this case, the trial court found that Christopher’s average pre-injury weekly wage was $414.07, and that his average post-injury weekly wage was $404.02. In calculating the average weekly wages, the trial court included all of Christopher’s medical insurance premiums paid by FHG, including the amount paid by FHG for Christopher’s family insurance premiums, stating that the family premiums “constituted] a discernible economic value to plaintiff’ and citing Ex parte Murray, 490 So.2d 1238 (Ala.1986). Because the trial court found that Christopher did not return to work at a wage equal to or greater than his pre-injury wage, it held that the provisions of § 25-5-57(a)(3)i, Ala.Code 1975, did not apply, and, therefore, considered the opinion of the vocational expert as well as that of the orthopedic surgeon. The trial court concluded that Christopher had suffered a 27% loss of earning capacity, and it calculated workers’ compensation benefits accordingly.
FHG’s argument that the medical insurance premiums paid by FHG for Christopher’s family should not be included in the calculation of his average weekly wages is dispositive of this case. The trial court’s conclusions regarding legal issues carry no presumption of correctness on appeal. § 25-5-81(e)(l), Ala. Code 1975; Whitsett v. BAMSI, Inc., 652 So.2d 287, 289 (Ala.Civ.App.1994).[1]
Although the trial court correctly noted that the company’s payment of the family premiums constituted a discernible economic value to Christopher, economic value to the employee is not the factor that governs whether an employer’s payment of fringe benefits must be included in the calculation of an employee’s average weekly wage. The terms “wages” and “weekly wages” are defined by the Alabama Workers’ Compensation Act as follows:
“The terms shall in all cases be construed to mean ‘average weekly earnings,’ based on those earnings subject to federal income taxation and reportable on the Federal W-2 tax form which shall include ... fringe benefits as defined herein. Average weekly earnings shall not include fringe benefits if and only if the employer contin *798 ues the benefits during the period of time for which compensation is paid. ‘Fringe benefits’ shall mean only the employer’s portion of health, life, and disability insurance premiums.”
§ 25-5-1(6), Ala.Code 1975. The term “earnings,” as defined in § 25-5-57(b), Ala. Code 1975, is composed of three elements: “(1) allowances of any character; (2) made to the employee in lieu of wages; and (3) specified as part of the wage contract.” Murray, 490 So.2d at 1240. In Murray, our supreme court pointed out that it was undisputed that the fringe benefits in the case before it were not provided gratuitously to the employee and that they were specified as part of the wage contract. Id.
Christopher’s situation is clearly distinguishable. FHG’s manager testified that he decided to have the company pay Christopher’s family benefits because Christopher had fallen on hard times, and that the company considered the payments a gift. The manager further testified that the individual insurance premiums for the employees only were considered to be a part of their employment packages. The record reflects that no other employee received the additional premiums supplied to Christopher’s family, and that the payment of those premiums was terminated only after other employees began to complain about the favorable treatment given to Christopher. Neither Christopher’s wages nor his hours were ever reduced to pay for the family premiums.
We conclude that Murray does not require the inclusion of the premiums gratuitously paid by FHG for Christopher’s family in the calculation of his average weekly wages; therefore, we reverse the judgment and remand the case to the trial court for recalculation of Christopher’s average weekly pre-injury and post-injury wages,[2] as well as recalculation of the workers’ compensation benefits due. On remand, after recalculation of the average weekly wages, the trial court should determine whether § 25 — 5—57(a)(3)i is applicable to the recalculation of benefits.
Let the judgment be reversed and the cause be remanded for further proceedings consistent with this opinion.
The foregoing opinion was prepared by-SAM A. BEATTY, Retired Justice, Supreme Court of Alabama, while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Ala.Code 1975.
REVERSED AND REMANDED WITH DIRECTIONS.
All the judges concur.

. Christopher’s injury occurred on January 20, 1993; therefore, this case is governed by the Alabama Workers’ Compensation Act as amended, § 25-5-1 et seq., Ala.Code 1975. The new Act became effective May 19, 1992. Under both the old and the new workers' compensation statutes, however, this court conducts a de novo review of a trial court’s legal conclusions. See Ex parte Cash, 624 So.2d 576, 577 (Ala.1993).

. Our review of the record indicates that FHG continued to pay Christopher's individual insurance premiums during the time in which it paid workers’ compensation benefits. If the court so finds on remand, then his insurance premiums also would not be included in the calculation of his average weeldy wages. See § 25-5-1(6), Ala. Code 1975; Ex parte Murray, 490 So.2d 1238, 1241 (Ala.1986).