THOMPSON, Judge,
dissenting.
I must respectfully dissent from the majority’s opinion. My review of the record indicates that there is a great deal of evidence that casts uncertainty on the cause of Easterly’s injury and thus supports the trial judge’s holding. Much of the evidence contradicts the testimony of Easterly regarding the circumstances of the accident. For example, Easterly did hot indicate to her coworker, her supervisor, or the first doctor who treated her, that a drum had fallen on her until several days after the alleged incident. Easterly testified that she had bruises from the drum’s falling on her, but the doctor who examined her three days after the alleged incident did not find bruises or contusions, but testified that he would have noted the presence of any bruises or contusions on Easterly.
There is also evidence indicating that Easterly had previously sought medical treatment for similar injuries sustained when a different drum fell over on her on a prior occasion. Easterly denied that she suffered back pain for many years as a result of injuries sustained in an automobile accident in 1985, but such chronic pain was documented in her medical records. Further, one month before her injury, Easterly had seen a doctor for back pain.
The majority mischaracterizes Dr. Faulkner’s testimony as “clearly establishing that the discogram caused, or contributed to, Easterly’s ‘discitis.’ ” Dr. Faulkner testified in his deposition that Easterly’s discitis was “probably caused by the test,” but he also noted that “she possibly had the disc space infection before that injection, because she was in severe pain even before the test was done.”
The trial judge listened to the testimony of the witnesses, including Easterly, and determined their credibility. The judgment of the trial court read in part:
“In discussing this aspect of the Plaintiff’s medical condition, Dr. Faulkner opined that her discitis could have been present before the injury because of her medical history of chronic back pain for some years off and on prior to 24 June 1991, which complaints would be consistent with this condition, or that it may have occurred through accidental injection of a virus during some of Dr. Faulkner’s invasive medical treatment of Mrs. Easterly while under his care. Dr. Faulkner could not say with any degree of medical certainty whether her current condition was flare up of a previously existing discitis condition or was caused by his treatment.”
Under the old Workman’s Compensation Act, the appropriate standard of review allows us to determine only whether there was any legal evidence to support the trial court’s findings, and if so, whether any reasonable view of the evidence supports the trial court’s judgment. Ex parte Cash, 624 So.2d 576 (Ala.1993). After observing the witnesses and reviewing the medical evidence, the trial judge made a factual finding that Easterly’s discitis was not caused by the accident of June 24, 1991. There is ample evidence in this ease to support the trial court’s judgment, including evidence that Easterly had prior back injuries, back pain, and back surgery.
Based upon our standard of review, I must dissent.
CRAWLEY, J., concurs.