The plaintiff, Holline Bailey, appeals from a judgment on a workmen's compensation claim in which the trial court awarded benefits to her based upon a permanent partial disability. She also appeals from a summary judgment entered in favor of the defendant, Walker Regional Medical Center, on a retaliatory discharge claim. We affirm in part, reverse in part, and remand.
Bailey worked for Walker Regional as an aide in the hospital's dietary department. She alleges that on August 11, 1991, she injured her neck and back while pushing a seven-foot-tall galvanized steel food cart. Bailey testified that she told a supervisor on duty that she had hurt herself and that the supervisor gave her permission to go home. On the following day, Bailey says, she consulted her family doctor, who wrote a note excusing her from work "until further notice." She testified that she then went to Walker Regional and gave the note to her supervisor, Tim German. Bailey says that she also tried at that time to apply for workmen's compensation benefits at Walker Regional's personnel office, but says that she was told she could not apply and she would not get benefits. Walker Regional maintains that Bailey did not report the alleged accident to anyone. Walker Regional notified Bailey on August 22 that she was being discharged "because [she had] failed to report for work or call in for the past five (5) scheduled shifts." Bailey maintains that she has not been able to work since her injury.
Bailey sued Walker Regional, alleging that her work-related injury had rendered her permanently disabled and that she was fired in retaliation for trying to obtain workmen's compensation benefits. Her lawsuit sought workmen's compensation benefits and damages for retaliatory discharge. The trial court bifurcated Bailey's workmen's compensation and retaliatory discharge claims and thereafter conducted separate proceedings on the two claims.
Bailey's workmen's compensation claim proceeded to trial in July 1996. In December 1996, the trial court entered a judgment in which it found that Bailey had suffered an accidental injury that arose out of and in the course of her employment, that Walker Regional had notice of the injury, and that Walker Regional had not provided any medical benefits to Bailey. The court's findings of fact and conclusions of law further stated:
 "4. The plaintiff, at the time of her injury, to-wit: August 11, 1991, was working as a full time employee for the defendant and was performing all the normal and usual duties of her job up until to-wit: August 11, 1991, at which time the plaintiff was injured causing her severe and immediate pain. Following plaintiff's injury, she was treated by several physicians as well as being hospitalized on at least one (1) occasion. As a direct result of the plaintiff's on the job injury, the plaintiff continues to suffer loss of ability to do manual labor and suffers significant pain that requires pain medication.
 "5. That the plaintiff has undergone medically necessary examinations and treatment as a result of the effects of her accident, and has undergone numerous therapeutic diagnostic studies. The Court has read and reviewed the medical testimony in this case, and has reviewed the medical records and the Court finds that the plaintiff's injuries leave her severely restricted and limited not only in her ability to perform work, but the ability to conduct her daily living activities.
 "6. The Court finds that plaintiff was born October 4, 1938, and that the plaintiff has an equivalent of a sixth (6th) grade education, and she can barely read and write at the third (3rd) grade level, her math skills are very poor, and she has no special training or skills other than the type work she was doing on the occasion of this accident, which requires a full range of motion in her hands and arms and also requires manipulation with her fingers, which work the Court specifically finds that she can no longer perform. All of the plaintiff's previous work required physical exertion and a full range of motion and use of her upper and lower extremities included but not limited to her fingers and hands.
 "7. The Court finds that the plaintiff is totally and permanently disabled and impaired *Page 37 
from sustaining any substantial gainful employment including, but not limited to any work for which plaintiff would be qualified as a result of her age, education and experience and that said injuries permanently and totally incapacitate her from working or being re-trained for gainful employment.
 "8. The Court has had the opportunity to observe the plaintiff while in the courtroom during her trial and in viewing the plaintiff it is apparent to the Court that the plaintiff is suffering from constant and chronic pain, and the Court further takes notice of the fact that the pain causes her to have trouble concentrating and limits her ability to walk, sit or stand for periods of time. The Court further finds and it is apparent to the Court, that plaintiff suffers continuous pain while sitting, standing and/or walking, and she is unable to bend and/or stoop for a long period of time and she is unable to lift objects, and plaintiff's constant and intractable pain has caused her to contemplate suicide.
 "9. The Court also understood and considered the evidence and testimony presented concerning subsequent alleged pain medications, as well as over the counter medications, necessary to treat the pain associated with the plaintiff's injuries as well as the subsequent medical treatment she received. The Court finds that these medications and treatments have their own disabling effect on the plaintiff. However, absent these same pain medications, the plaintiff is still seventy percent (70%) permanently and totally disabled as a result of her on the job injury.
". . . .
 "11. The injuries and the pain she suffers as a direct result of her injuries, have resulted in complete and total loss of earning capacity, and the plaintiff is permanently and totally disabled to the extent of seventy percent (70%) and is unable to perform any work or obtain reasonable gainful employment."
The trial court then calculated workmen's compensation benefits based upon a 70% permanent partial disability. Bailey appealed from the workmen's compensation judgment.
Meanwhile, Walker Regional had moved for a summary judgment on Bailey's retaliatory discharge claim. In March 1997, the trial court entered a summary judgment on that claim in favor of Walker Regional. Bailey then appealed from that judgment as well.
 The Workmen's Compensation Claim
We first must define our standard of review. In 1992, the Alabama Legislature substantially revised the Alabama Workmen's Compensation Act ("the old Act'). See Ala. Acts 1992, Act No. 92-537. The amended Alabama Workers' Compensation Act ("the new Act") became effective May 19, 1992, although some provisions relating to the burden of proof and standard of review did not become effective until August 1, 1992. See §§ 25-5-81(c), (e), Ala. Code 1975 (1992 Repl.Vol.) (the new Act). Bailey's injuries occurred on August 11, 1991; therefore, this case is governed by the old Act. See Whitsett v. BAMSI, Inc., 652 So.2d 287
(Ala.Civ.App. 1994); overruled on other grounds, Ex parteTrinity Industries, Inc., 680 So.2d 262 (Ala. 1996). Under the old Act, our standard of review of the trial court's findings of fact and its judgment based on those findings allows us to look only to see whether there was any legal evidence to support the trial court's findings, and, if so, whether any reasonable view of the evidence supports the trial court's judgment. Ex parte Veazey, 637 So.2d 1348 (Ala. 1993); Ex parteEastwood Foods, Inc., 575 So.2d 91 (Ala. 1991). Under either Act, the trial court's conclusions regarding legal issues carry no presumption of correctness on appeal. Ex parte Cash,624 So.2d 576 (Ala. 1993). See also § 25-5-81(e)(1), Ala. Code 1975 (1992 Repl.Vol.) (the new Act).
Permanent total disability is defined in both Acts as "any physical injury or mental impairment resulting from an accident, which injury or impairment permanently and totally incapacitates the employee from working at and being retrained for gainful employment." § 25-5-57(a)(4)d., Ala. Code 1975. Total disability does not mean that the employee must be absolutely helpless, but means that the employee is not able to perform his or her trade and is unable to obtain other reasonably gainful employment. M.C. Dixon Lumber Co. v.Phillips, *Page 38 642 So.2d 477 (Ala.Civ.App. 1994); Mead Paper Co. v. Brizendine,575 So.2d 571 (Ala.Civ.App. 1990). The trial court specifically found that Bailey's injury resulted in a total loss of earning capacity, that she was unable to "perform any work or obtain reasonable gainful employment," and that she could not be retrained for gainful employment. Nevertheless, despite those findings, the court concluded that Bailey was "permanently and totally disabled to the extent of seventy percent (70%)."
Regrettably, those findings are inconsistent, and, consequently, we must request the well-meaning trial court to reconcile them. If Bailey suffers from only a 70% permanent partial disability, then she cannot have lost completely the ability to engage in and to be retrained for gainful employment. On the other hand, if she suffers from a permanent total disability, then she is entitled have the trial court calculate her workmen's compensation benefits on that basis. Cf. Mutual Savings Life Ins. Co. v. Hogue, 693 So.2d 530
(Ala.Civ.App. 1997); Red Mountain Constr. Co. v. Neely,627 So.2d 931 (Ala.Civ.App. 1992). We reverse the workmen's compensation judgment and remand the cause for the trial court to determine whether Bailey is permanently and totally disabled or 70% permanently and partially disabled.
The Retaliatory Discharge Claim
Our standard for reviewing a summary judgment is well settled. The summary judgment was proper if there was no genuine issue of material fact and Walker Regional was entitled to a judgment as a matter of law. Rule 56, Ala. R. Civ. P. Walker Regional had the burden to make a prima facie showing that no genuine issue of material fact existed and that it was entitled to a judgment as a matter of law. Long v. JeffersonCounty, 623 So.2d 1130 (Ala. 1993). If Walker Regional made that showing, then the burden shifted to Bailey to present evidence creating a genuine issue of material fact, so as to avoid the entry of a judgment against her. Id. In deciding whether there was a genuine issue of material fact, we view the evidence in the light most favorable to the nonmovant and resolve all reasonable doubts against the movant. Id. The applicable standard of review is the "substantial evidence" rule. § 12-21-12, Ala. Code 1975. "Substantial evidence" is defined as "evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v. Founders Life Assurance Co. of Florida,547 So.2d 870, 871 (Ala. 1989).
In Consolidated Stores, Inc. v. Gargis, 686 So.2d 268, 273
(Ala.Civ.App.), cert. denied, 686 So.2d 278 (Ala. 1996), this court held that "an essential element of a retaliatory discharge claim is the plaintiff's willingness and ability to return to work." The record is replete with evidence that Bailey never has been able to return to her job at Walker Regional. She cannot, therefore, establish this element of her retaliatory discharge claim.
Bailey argues that this court's decision in Gargis is contrary to the legislative intent of Alabama's retaliatory discharge statute, § 25-5-11.1, Ala. Code 1975, and that the statute should be liberally construed to ensure that its remedial nature cannot be circumvented by employers. This court rejected a similar argument in Watwood v. White Consol. Indus.,Inc., 699 So.2d 210 (Ala.Civ.App. 1997).
Based on the authority of Gargis and Watwood, the summary judgment clearly was appropriate as to Bailey's retaliatory discharge claim.
The workmen's compensation judgment is reversed, and the cause is remanded for the trial court to determine whether Bailey is permanently or partially disabled. The summary judgment relating to retaliatory discharge is affirmed.
The foregoing opinion was prepared by Sam A. Beatty, Retired Justice, Supreme Court of Alabama, while serving on active duty status as a judge of this court under the provisions of §12-18-10(e), Ala. Code 1975.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
All the judges concur. *Page 39