MURDOCK, Judge.
Pauline Flowers appeals, and The Pines Restaurant, Inc., cross-appeals, from a judgment on a workers’-compensation case purporting to award benefits for a single injury the trial court classified as both a permanent-partial disability and a permanent-total disability. This action arises under the Workmen’s Compensation Act, §§ 25-5-1 et seq., Ala.Code 1975, as it read before the effective date of the 1992 amendment.
Flowers was employed by The Pines as a dishwasher. She sued her employer following an accident on January 17, 1992, in which she slipped on grease, which was on the floor, causing her to fall and hit her back and left side against a concrete step. Flowers broke four ribs in the fall, and, as the trial court found, she also began complaining of “pain radiating from her spine to her rib cage and low back and both legs[,] with numbness and tingling in the lower extremity.” Flowers consulted several physicians regarding her injuries. According to one of her physicians, Flowers reached maximum medical improvement in April 1994 and was assigned a six percent impairment to the body as a whole.
In April 1996, however, Flowers consulted Dr. Christopher Robinson, an orthopedist, who performed a total left-hip replacement on Flowers. After the surgery, Dr. Robinson placed restrictions on Flowers, characterizing the amount and type of work she could do as “sedentary-light the maxim[um] [Flowers] can lift is fifteen pounds occasionally.” Dr. Robinson further stated that Flowers should not crawl, squat, or climb. The trial court found that these restrictions on Flowers were proximately caused by her January 17, 1992, work-related injury. Flowers again reached maximum medical improvement in January 1999.
The case proceeded to trial on March 26, 1999. On August 22, 2000, the trial court concluded that Flowers had sustained a compensable injury on January 17, 1992, and entered a final judgment awarding workers’-compensation benefits.
Flowers argues on appeal that the trial court intended to, and did, enter a judg- *66 merit finding her to be permanently totally disabled, but failed to award her adequate benefits — i.e., it did not award benefits commensurate with those outlined in Ala. Code 1975, § 25-5-57(a)(4), for permanent-total disabilities. The Pines cross-appeals, arguing that the trial court intended to, and did, enter a judgment finding Flowers to be only permanently partially disabled, but awarded benefits in excess of those to which Flowers was entitled under Ala.Code 1975, § 25-5-27(a)(3), pertaining to permanently partially disabled workers. Under that portion of its judgment titled “Conclusions of Law,” the trial court stated, in part:
“2. The Plaintiffs average, weekly wage at the time of injury was $140.25 and her compensation rate was stated by the parties to be $106.00 per week.[1].
“3. The Plaintiff was paid temporary total benefits for a period of eight (8) weeks.
“4. As a result of said January 17, 1992, injury, the Plaintiff has sustained a PERMANENT IMPAIRMENT of SIXTEEN (16%) PERCENT to the body as a whole. The Plaintiff is entitled to $16.96 per week. The Plaintiffs life expectancy totals 1169 weeks of which 444 have already accrued. The Defendant is entitled to credit for the $848.00 TEMPORARY TOTAL BENEFITS already paid the Plaintiff for eight weeks. Deducting this credit, the Plaintiff is entitled to immediately be paid by the Defendant a lump sum of $6,682.21/,. In addition, the Defendant shall pay IN THE FUTURE (i.e., postjudgment) to the Plaintiff the sum of $16.96 per week for a period of 753 weeks.
“5. As a result of said January 17, 1992 injury, the Plaintiff has been impaired in her ability to do any of the types of work she has past experience [in]. The Plaintiff is limited to Doctor clarified restrictions of ‘... sedentary-light, the maxim[um] (Plaintiff) can lift is fifteen pounds occasionally.’ Dr. Robinson further clarified he would never want the Plaintiff crawling, squatting or climbing. The Plaintiff has suffered a TWENTY-SEVEN (27%) PERCENT loss of access to the labor market.
[[Image here]]
“8. Considering the impairments and the age, education and training of the Plaintiff, the Court concludes, as a matter of law, Plaintiff is entitled to receive PERMANENT TOTAL DISABILI-rpY."[2]
Flowers argues on appeal that the trial court erred in computing her weekly benefit amount because, she says, it found her to be permanently totally impaired, but awarded her benefits based upon a partial-impairment rating. Flowers further argues that the trial court erred in awarding her benefits based on her life expectancy rather than ordering payment over the duration of her life.
The Pines argues on cross-appeal that the trial court erred by finding Flowers to be permanently partially disabled, but extending Flowers’s benefit payments beyond the 300-week limit set by statute for a permanent -partial impairment. We note that there is no presumption of correctness in favor of a trial court’s conclusions of law in cases arising under the Workmen’s Compensation Act. See Ex parte Cash, 624 So.2d 576 (Ala.1993).
*67 Under the Workmen’s Compensation Act, in the event of a compensable permanent-partial impairment to other than a scheduled member, the trial court must determine the extent of the impairment and calculate the amount of the employee’s weekly workers’-compensation benefits based upon that impairment. Section 25-5-57(a)(3)g., Ala.Code 1975. Compensation for a permanent-partial disability cannot exceed 300 weeks, however. Id.
“In all ... cases of permanent partial disability not ... enumerated, the compensation shall be 66% percent of the difference between the average weekly earnings of the workman at the time of the injury and the average weekly earnings he is able to earn in his partially disabled condition, subject to the same maximum weekly compensation as stated in Section 25-5-68. When a permanent partial disability, compensation for which is not calculated by use of the schedule in subdivision (a)(3) of this section, follows a period of temporary total disability resulting from the same injury, the number of weeks of such temporary total disability shall be deducted from the number of weeks payable for such permanent partial disability. Compensation shall continue during disability, but not, however, beyond 300 weeks.”

Id.

In the event of a permanent-total impairment, the employee is entitled to 66% percent of his or her average weekly wage or the statutory minimum compensation rate, whichever is higher. Further, the compensation is not limited to 300 weeks, but is payable for the duration of the impairment, i.e., for a period not exceeding the life of the employee. See § 25-5-57(a)(4)a. and d., Ala.Code 1975, as it read before it was amended in 1992.
“a. Amount, Duration and Payment of Compensation. — For permanent total disability, as defined in paragraph d of this subdivision, 66% percent of the average weekly earnings received at the time of the injury, subject to a maximum and minimum weekly compensation as stated in section 25-5-68; provided, that if at the time of injury the employee was receiving earnings of less than the minimum as stated in section 25-5-68, then he shall receive the full amount of his earnings per week. This compensation shall be paid during such permanent total disability, as defined in said paragraph d of this subdivision. Payment of such compensation shall be made at the intervals when the earnings were payable, as nearly as may be, unless the parties otherwise agree. Such payments, with the approval of the circuit judge or by agreement of the parties, may be made monthly, quarterly or otherwise as the parties may agree. Payments for permanent total disability shall not be ordered to be paid in a lump sum without the consent of both the employer and the employee.
[[Image here]]
“d.... [A]ny physical injury or mental impairment resulting from an accident, which injury or impairment permanently and totally incapacitates the employee from working at and being retrained for gainful employment, shall constitute permanent total disability. ...”
§ 25-5-57(a)(4)a. and d., Ala.Code 1975 (before Amendment effective May 19, 1992).
The trial court’s judgment in this case appears to combine elements of a permanent-partial award and a permanent-total award, both explicitly and implicitly. With respect to the former, the trial court explicitly states in paragraph four of its conclusions of law that Flowers suffered a permanent impairment of 16% *68 to the body as a whole, and a 27% loss of access to the labor market. Under a section of its judgment titled “Findings of Fact,” the trial court stated that “[t]he parties stipulated the only issue for decision by this Court is the PERCENT OF PERMANENT PARTIAL DISABILITY, if any, proximately resulting from the January 17, 1992, work-related injuries of the Plaintiff.” Moreover, the trial court made an award of benefits corresponding to only a 16% physical impairment.
On the other hand, the court explicitly states in more than one place in its judgment, including paragraph eight of its conclusions of law, that Flowers was entitled to receive benefits for a “permanent-total disability,” and purports to make an award of benefits for life. The attempt to award benefits based on the life of the employee is consistent with Ala.Code 1975, § 25-5-57(a)(4) (“Permanent Total Disability”), but not § 25-5-57(a)(3)g. (relating to permanent-partial disabilities), which limits the employee to 300 weeks of benefits.[3]
We conclude that the trial court’s award is inconsistent with either an award based upon a permanent-partial disability or an award based upon a permanent-total disability. We remand this case for the trial court to determine whether Flowers is permanently partially disabled or permanently totally disabled, and for an award of benefits consistent with its finding. See Bailey v. Walker Regional Med. Ctr., 709 So.2d 35 (Ala.Civ.App.1997).
REVERSED AND REMANDED.
YATES, P.J., and CRAWLEY, THOMPSON, and PITTMAN, JJ„ concur.

. Although Flowers's statutory compensation rate would have been less than $106 per week, the trial court accepted and applied the higher rate of $106 per week to which the parties stipulated.

. Later in its judgment the trial court made a second reference to Flowers's "permanent-total disability.”

. We also note that the trial court purported to make its award of lifetime benefits via a lump-sum award calculated on the basis of Flowers’s life expectancy, a procedure not recognized under the Act in the absence of an agreement between the parties.