Marjorie Casper ("the employee") sued the City of Montgomery ("the City") for workers' compensation benefits; she alleged that she suffered an injury in the line and scope of her employment. She sought compensation for a permanent disability. Following the presentation of ore tenus evidence, the trial court found her to have a permanent total disability. The City appeals. The City argues that the trial court erred by; (1) awarding the employee compensation benefits for a period that she was still working; (2) finding that the worker had proved medical causation; and (3) finding that the worker had suffered a permanent total disability.
This court will not reverse the trial court's judgment in a workers' compensation case based on factual findings if those findings are supported by "substantial evidence." Section 25-5-81(e)(2), Ala. Code 1975. Substantial evidence is "`evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.'" Ex parte TrinityIndus., Inc., 680 So.2d 262, 268 (Ala. 1996), quoting West v. FoundersLife Assurance Co. of Florida, 547 So.2d 870, 871 (Ala. 1989). The trial court's legal conclusions, however, are afforded no presumption of correctness, and this court reviews them de novo. Ex parte Cash,624 So.2d 576 (Ala. 1993).
The employee was employed as the curator of education for the Montgomery Zoo. Her job involved cleaning and training animals, managing volunteers, handling public relations, and preparing educational materials for the public. The employee testified that she was injured in March 1996 when she tried to prevent one of her volunteers from falling; she said that she fell herself and seriously injured her back.
The City first argues that the trial court erred by awarding benefits to the employee for a period during which she continued to work. The employee introduced into evidence a time sheet that indicated she worked one-half days or a four-hour day for five weeks and one day between May 31, 1996, and July 9, 1996. The trial court admitted the time sheet as an exhibit. The employee introduced the exhibit into evidence for the purpose of proving that the City had notice of her accident. Notice is not an issue on appeal.
On appeal the City argues that the trial court erred by not offsetting, pursuant to § 25-5-57(c)(3), Ala. Code 1975, the benefits it owes the employee by the salary the employee received during the five-week-and-one-day period. The employee contends that the City did not raise this issue at trial; the employee contends that the City is therefore precluded from arguing this issue on appeal.
We disagree. We conclude that the City correctly raised this issue on appeal. Rule 52(b), Ala.R.Civ.P., states:
 "When findings of fact are made in actions tried by the court without a jury, the question of the sufficiency of the evidence to support the findings may thereafter be raised whether or not the party raising the question has made in the court an objection to such findings or has made a motion to amend them or a motion for judgment or a motion for a new trial."
We conclude that the amount of benefits to which the employee is entitled is a question of the sufficiency of the evidence, i.e., did the evidence support the trial court's calculation of the benefits. Therefore, we will address the merits of the City's argument. *Page 969 
Section 25-5-57(c)(3), Ala. Code 1975, provides that if an employee receives salary "during the benefit period . . ., the employer shall be allowed a setoff in weeks against the compensation owed under this article." As stated above, the record contains evidence, introduced by the employee, that the employee worked half-days for five weeks and one day and that the trial court awarded workers' compensation benefits during that period the employee was working half days. The trial court's calculation of the benefits is incorrect. We reverse that portion of the trial court's judgment and remand the cause for the trial court to allow the employer a setoff for the salary the employee received during that five-week-and-one-day period.
The City next argues that the trial court erred by finding that the employee's injury was work-related; specifically, the City argues that the employee failed to prove medical causation. Jeffrey Downs, the City's risk manager and a witness for the City at the trial, stated that the City did owe the employee some amount of workers' compensation benefits for some degree of permanent disability. We conclude that Downs's testimony is in effect a stipulation that the employee did suffer a work-related injury; therefore, we will not address the City's argument regarding medical causation.
The City last argues that the trial court erred by finding the worker to have suffered a permanent total disability. Michael McClanahan, the employee's vocational-rehabilitation expert witness, testified that the employee has suffered a 100% loss of earning capacity. The employee testified that she cannot sit for more than 20 minutes and that she cannot stand for more than 30 minutes. The employee further testified that she is in constant pain and that she cannot do any significant lifting. The employee testified that her inability to stand or sit for prolonged periods prevents her from performing clerical work. Therefore, we conclude that the trial court's judgment finding that the employee suffered a permanent total disability is supported by substantial evidence.
The trial court's judgment is affirmed except as to its calculation of the benefits owed to the employee.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
Crawley and Thompson, JJ., concur.
Yates, P.J., and Murdock, J., concur in the result.